DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290
Belmont, CA  94002
Telephone: (650) 684-1181

SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
E-mail: shawn@kolitchromano.com
Oregon State Bar No. 063980
KOLITCH ROMANO LLP
520 SW Yamhill Street, Suite 200
Portland, OR 97204
Telephone: (503) 994-1650
Facsimile: (971) 279-4549

Attorneys for Plaintiff
FUTURE MOTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>JW BATTERIES LLC, a Texas Company,<br><br>           Defendant. | Case No.<br><br>**ORIGINAL COMPLAINT FOR:**<br><br>**(1) CIRCUMVENTION OF A TECHNOLOGICAL MEASURE UNDER 17 U.S.C. § 1201;**<br>**(2) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C. § 1030;**<br>**(3) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C § 1125(a)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Future Motion, Inc. ("Future Motion" or "Plaintiff") alleges, based on actual knowledge with respect to Future Motion and Future Motion's acts, and based on information and belief with respect to all other matters, against Defendant JW BATTERIES LLC ("JW" or "Defendant") as follows:

## NATURE OF THE CASE

This is a civil action for (1) circumventing a technological measure in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 (a)-(b); (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (3) false designation under the Lanham Act, 15 U.S.C. § 1125(a).

## THE PARTIES

1. Plaintiff Future Motion, Inc. ("Plaintiff" or "Future Motion") is a Delaware corporation with a principal place of business at 1201 Shaffer Road, Santa Cruz, California 95060.

2. Defendant is a Texas company with a registered address at 9900 Spectrum Drive, Austin, Texas 78717.

3. Defendant does business as "JW Batteries" at the website jwbatteries.com, the YouTube channel https://www.youtube.com/channel/UC4RogZp3soadWqebJzJJypw, the Facebook channel https://www.facebook.com/jwbatteries/, and a brick-and-mortar store at 1430 Dragon Street, Suite 13, Dallas, Texas 75207.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims arising under the Digital Millennium Copyright Act ("DMCA") pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has subject matter jurisdiction over the claims arising under the Computer Fraud and Abuse Act ("CFAA") pursuant to 18 U.S.C. § 1030(g) and 28 U.S.C. § 1331.

6. This Court has subject matter jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. Defendant is subject to personal jurisdiction by this Court because Defendant advertises and sells its products and services to customers within this district, including the products and services at issue in this action. By committing the purposeful act of injecting its products into the nationwide stream of commerce through the e-commerce website jwbatteries.com, including to customers within this district, Defendant reasonably knew or expected that it could be hailed into court within this district. Accordingly, the exercise of personal jurisdiction over Defendant comports with the laws of this State and the constitutional requirements of due process.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(c)(2) and (c)(3) because a substantial part of the events or omissions giving rise to Future Motion's claims occurred in this district, and because Defendant is subject to the Court's personal jurisdiction with respect to the present action.

## FACTUAL ALLEGATIONS

**A.  Plaintiff Future Motion**

9. Future Motion markets, offers for sale and sells throughout the United States and around the world the ONEWHEEL® line of self-balancing electronically motorized skateboards, along with related accessories, replacement parts, and

3

COMPLAINT – JURY TRIAL DEMANDED

merchandise, and operates an online retail store featuring the aforementioned goods at https://onewheel.com. An example of a user riding one of Future Motion's Onewheel products is shown in the photo below:



10. Future Motion has expended significant time and resources developing and marketing its products, as well as protecting its intellectual property rights relating to the products.

11. Future Motion has developed computer code, which resides in processors incorporated in the Onewheel skateboards, to control various functions and safety features of its self-balancing skateboards, for instance by monitoring the status of the skateboard and causing it to slow down or stop if it approaches an unsafe operating condition.

12. Several of the important safety features of Future Motion's Onewheel skateboards result from communications between the battery management system processor ("BMS"), which monitors the status of the skateboard battery, and the main controller of the skateboard. If the controller receives information from the BMS indicating that the battery is approaching an unsafe state, the controller is programmed to take action to avoid potential rider injury.

4

COMPLAINT – JURY TRIAL DEMANDED

13. For example, if the controller receives information from the BMS indicating that the battery is approaching its maximum power output, the controller prevents additional power from being drawn, to avoid exceeding the battery's safe power output capability.

14. As another example, if the controller receives information from the BMS indicating that the battery is approaching a very low state of charge, the controller provides "pushback" that raises the nose of the board, essentially forcing the skateboard to slow to a stop, and signaling to the rider to recharge the battery before resuming use of the skateboard.

15. The Future Motion BMS sends additional information to the controller that affects rider safety. This includes, for example, information regarding the electric current drawn from the battery, which can lead to excessive battery heat if the current is allowed to exceed the safe limits of the battery.

16. On all of Future Motion's current Onewheel products, the controller is programmed not to allow the skateboard motor to operate unless the processor receives information from the BMS indicating that the battery is in a safe riding condition. Therefore, in the absence of circumvention of Future Motion's technology measures, batteries with cells disposed too densely, and batteries reaching an unsafe power condition, will not function with Onewheel skateboards due to the risk of a battery fire.

17. Similarly, a battery approaching an extremely high power draw or an extremely low state of charge will cause pushback to avoid rider injury that could result

5

COMPLAINT – JURY TRIAL DEMANDED

in the absence of these safeguards, for instance if the skateboard motor were able to shut down suddenly rather than gradually or under the user's control.

18. The required communication from the Onewheel BMS to the Onewheel controller functions as a technological measure that controls access to the copyrighted software that resides on the controller (and that controls the skateboard), by preventing such access and control if the skateboard is modified without authorization into an unsafe condition, such as with an unsafe or unsuitable battery.

19. The Onewheel controller is connected to the Internet through a smartphone software application that is available to Onewheel users. The smartphone app monitors the state of charge of the battery and reports it to the user, allows the user to tune the riding characteristics of the motor, and sends various information, such as speed and mileage information, to a remote server.

B. **Defendant's Activities**

20. Defendant is advertising and selling a computer processor chip (the "JWFFM Chip") intended to circumvent the Future Motion safety and technological measures described above. On information and belief, the "FFM" in "JWFFM" is an abbreviation for "F*ck Future Motion," indicating Defendant's bad faith intentions toward Future Motion.

21. Defendant offers and sells its JWFFM Chip to customers, including customers in this judicial district, at least through its e-commerce website at https://jwbatteries.com/products/jwffm-chip-1. Attached as Exhibit A is a copy of Defendant's web page offering the JWFFM Chip for sale.

22. The JWFFM Chip is designed to be installed so that it intercepts communications between the Onewheel BMS processor and the Onewheel controller, and to circumvent Future Motion's technological control measures by both altering and deleting information from the BMS that could otherwise indicate an unsafe riding condition. In this manner, the JWFFM Chip allows unauthorized, aftermarket batteries to access the Onewheel controller and to control the skateboard, regardless of whether the battery meets Future Motion's safety requirements.

23. For example, the JWFFM Chip provides altered information to the controller, to intentionally misinform the controller about the type of battery installed in the product. This is extremely dangerous, because the controller is programmed to draw power based on certain assumptions about the battery type. Therefore, the JWFFM Chip could cause an unsafe amount of power to be drawn, causing battery overheating.

24. Defendant teaches customers how to install the JWFFM Chip in order to circumvent Future Motion's technological measures, at least in a video on Defendant's YouTube channel at https://www.youtube.com/watch?v=kSWicH8hUFo&t=407s.

25. Defendant also offers to install the JWFFM Chip in Onewheel skateboards for customers. Exhibit A, p. 2 highlights a portion of Defendant's web page on which Defendant offers to install the JWFFM Chip at its location in Dallas, Texas.

26. Also at least on its website at https://jwbatteries.com/collections/onewheel-batteries, Defendant offers Onewheel replacement batteries which, upon information and belief, do not meet Future Motion's safety requirements, and which can only be used in

7

COMPLAINT – JURY TRIAL DEMANDED

current Future Motion Onewheel skateboards in conjunction with Defendant's JWFFM Chip.

27. Defendant's JWFFM Chip poses a significant risk of injury or even death to both Onewheel users and other members of the public, (i) by increasing the likelihood of sudden and unexpected motor shutdown of the Onewheel skateboard while a user is riding the board, and (ii) by increasing the likelihood of a catastrophic battery fire that could damage or destroy not only the Onewheel board, but also nearby property, structures or wildlands.

28. In addition to its JWFFM Chip, Defendant offers "JWXR" stickers, at least through its website at https://jwbatteries.com/collections/accessories/products/stickers, which incorporate Future Motion's distinctive, stylized XR trademark, as shown below:

   

**Defendant's Use of JWXR**            **Future Motion's XR Mark**

29. Defendant's incorporation of Future Motion's stylized XR mark into its stickers creates the false impression that Defendant is affiliated with Future Motion, or that Future Motion sponsors or approved Defendant or its products.

30. Defendant's incorporation of Future Motion's stylized XR mark into its stickers also leads to post-sale confusion by consumers, because a third-party consumer seeing a Onewheel skateboard branded with Defendant's JWXR sticker would likely believe that Defendant is the source of the skateboard, or at least that Defendant is affiliated with, sponsored by, or approved by Future Motion, none of which is the case.

## CLAIM 1 – CIRCUMVENTION OF A TECHNOLOGICAL MEASURE UNDER 17 U.S.C. § 1201

31. Future Motion restates and incorporates by reference Paragraphs 1-30 as if fully set forth herein.

32. Future Motion's Onewheel skateboards each include a controller, which is a digital signal processor programmed with Future Motion's proprietary computer code that controls the electric motor of the skateboard.

33. Future Motion's controller code is owned by Future Motion, and is a work protected by the copyright laws of the United States.

34. The required electronic communications between the Future Motion BMS and the Future Motion controller effectively control access to the copyrighted controller code, by requiring the application of specific information to the controller by the BMS, to ensure that Future Motion's Onewheel skateboards can only be operated when connected to a battery that is safe to use with the product, and when the battery is in a safely usable condition.

35. By installing its JWFFM chip in Onewheel skateboards, Defendant is circumventing Future Motion's technological measures that effectively control access to the Onewheel controller code, by avoiding, bypassing, or otherwise impairing the technological measures, without Future Motion's authority and in violation of 17 U.S.C. § 1201(a)(1)(A).

36. Defendant is manufacturing, importing, offering to the public, providing, and/or otherwise trafficking in its JWFFM chip, which is primarily designed for the

purpose of circumventing Future Motion's technological measures that effectively control access to the Onewheel controller code, by avoiding, bypassing, or otherwise impairing the technological measures, and which has no other commercially significant purpose, without Future Motion's authority and in violation of 17 U.S.C. §§ 1201(a)(2)(A)-(B).

37.     Defendant's actions in violation of 17 U.S.C. § 1201 have injured Future Motion and are threatening further irreparable injury to Future Motion, by tarnishing Future Motion's reputation, creating potential liability for property damage as well as for injuries to customers and other members of the public, and reducing Future Motion's revenue from authorized product sales and service.

38.     Based on Defendant's actions in violation of 17 U.S.C. §1201, Future Motion is entitled to injunctive relief, damages, costs, and reasonable attorney's fees pursuant to 17 U.S.C. § 1203.

## CLAIM 2 – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT UNDER 18 U.S.C. § 1030

39.     Future Motion restates and incorporates by reference Paragraphs 1-30 as if fully set forth herein.

40.     Future Motion's Onewheel skateboards each include a controller which connects to the Internet through a smartphone and is used in interstate communication, and which is therefore a "protected computer" for purposes of the Computer Fraud and Abuse Act, 18 U.S.C. § 1830(e)(2).

41. Defendant has violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), by intentionally accessing a protected computer without authorization, and as a result of such conduct, causing damage and loss to Future Motion.

42. As described in more detail above, Defendant's JWFFM Chip circumvents Future Motion's technological measures intended to safeguard access to its protected Onewheel controller, by "spoofing" the controller into accepting altered and filtered BMS data that does not reflect the true nature and state of the product battery. Defendant had no authorization to access Future Motion's protected computers by providing them with falsified BMS data.

43. On information and belief, Defendant's conduct in manufacturing, offering, selling, installing, and/or otherwise providing its JWFFM Chip has caused economic loss to Future Motion of at least $5,000 in value during the 1-year period preceding the commencement of this action, in violation of 18 U.S.C. § 1830(c)(4)(A)(i)(I).

44. On information and belief, Defendant's conduct in manufacturing, offering, selling, installing, and/or otherwise providing its JWFFM Chip has caused a threat to public health and safety by circumventing Future Motion's safety measures intended to prevent sudden motor shutdown, user injury, and battery fires, in violation of 18 U.S.C. § 1830(c)(4)(A)(i)(IV).

45. Defendant's unlawful access to Future Motion's Onewheel controllers, which includes providing the controllers with falsified BMS data, has caused Future Motion irreparable injury. Unless restrained and enjoined, Defendant will continue to commit such acts.

46. Based on Defendant's actions in violation of 18 U.S.C. § 1830(c)(4)(a)(i), Future Motion is entitled to compensatory damages, injunctive relief, and/or other equitable relief pursuant to 18 U.S.C. § 1830(g).

## CLAIM 3 – FALSE DESIGNATION OF ORIGIN

## UNDER 15 U.S.C § 1125(a)

47. Future Motion restates and incorporates by reference Paragraphs 1-30 as if fully set forth herein.

48. Defendant's sale of JWXR stickers incorporating Future Motion's stylized trademark XR constitutes a use in commerce of a word or symbol which is likely to cause confusion among consumers or to deceive consumers as to the affiliation, connection, or association of Defendant with Future Motion, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Future Motion.

49. Defendant's sale of JWXR stickers incorporating Future Motion's stylized trademark XR is also likely to create confusion wherein consumers seeing a Future Motion Onewheel skateboard branded with Defendant's JWXR mark would believe Defendant to be the source of the skateboard, making it more likely that the consumer would turn to Defendant to purchase parts, accessories, and services that could otherwise be provided by Future Motion.

50. Based on Defendant's actions in violation of 15 U.S.C. § 1125(a), Future Motion is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, as well as Defendant's profits, Future Motion's damages, and the costs of this action pursuant to 15 U.S.C. § 1117.

51. Defendant's willful infringement of Future Motion's trademark rights, with the intent to profit from Future Motion's well-known XR mark, constitutes an exceptional case entitling Future Motion to its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Future Motion prays for the following relief:

A. For temporary, preliminary, and permanent injunctive relief, including but not limited to requiring Defendant to cease manufacturing, having made, offering, selling, or installing its JWFFM Chip and its JWXR stickers, and turn over all remaining unsold inventory of those items to Future Motion for destruction;

B. For damages sufficient to fully compensate Future Motion for all of the harm caused by Defendant's actions and for having to respond to Defendant's actions;

C. For Defendant's profits pursuant to 17 U.S.C. § 1203(c)(2), 15 U.S.C. § 1117(a), or as otherwise allowable by law;

D. For statutory damages pursuant to 17 U.S.C. § 1203(c)(3), or as otherwise allowable by law;

E. For exemplary and/or punitive damages as allowable by law;

F. For attorney's fees pursuant to 17 U.S.C. § 1203(b)(5), 15 U.S.C. § 1117(a), or as otherwise allowable by law;

G. For the costs of this action;

H.     For pre- and post-judgment interest; and

I.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Future Motion hereby demands a trial by jury of all issues so triable.

Dated:  August 31, 2021                    Respectfully Submitted,
                                           MICLEAN GLEASON LLP


                                           By:    /s/ David J. Miclean
                                                  David J. Miclean
                                                  Attorneys for Plaintiff Future Motion, Inc.

Dated:  August  31, 2021                   Respectfully Submitted,
                                           KOLITCH ROMANO LLP


                                           By:    /s/ Shawn J. Kolitch
                                                  Shawn J. Kolitch (*pro hac vice pending*)
                                                  Attorneys for Plaintiff Future Motion, Inc.