ERIC S. TAUTFEST (Texas SBN: 24028534)
etautfest@grayreed.com
(*pro hac vice*)
DAVID T. DEZERN (Texas SBN: 24059677)
ddezern@grayreed.com
(*pro hac vice*)
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332

DANIEL S. SHIMELL, ESQ. (SBN: 300931)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Email: dshimell@buchalter.com

Attorneys for Defendant
JW BATTERIES LLC

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JW BATTERIES LLC, a Texas Company,<br><br>Defendants. | CASE NO. 3:21-cv-06771-EMC<br><br>**DEFENDANT JW BATTERIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) and (b)(3)**<br><br>Honorable Edward M. Chen<br><br>Date: Dec. 9, 2021<br>Time: 1:30 PM<br>Courtroom 5, 17th Floor<br><br>JURY TRIAL DEMANDED |

///

///

///

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. iii

NOTICE OF MOTION AND MOTION TO DISMISS ................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.    Issues to Be Decided ............................................................................ 1

II.   Introduction ......................................................................................... 1

III.  Relevant Facts ..................................................................................... 2

    A.   JW Batteries ......................................................................... 2

    B.   Future Motion's Allegations ................................................. 3

IV.   Argument ............................................................................................. 4

    A.   Legal Standards ..................................................................... 4

        i.    Personal Jurisdiction ................................................ 4

            1.   General Jurisdiction ..................................... 5

            2.   Specific Jurisdiction ................................... 6

        ii.   Improper Venue ........................................................ 7

    B.   Plaintiff Fails to Establish General Jurisdiction Over JW Batteries. ......... 7

    C.   Plaintiff Fails to Establish Specific Jurisdiction Over JW Batteries. ......... 8

    D.   This Case Should Also Be Dismissed for Improper Venue for Plaintiff's Copyright Claim. ....................................................... 11

V.    Conclusion ......................................................................................... 12

ii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Advideo, Inc. v. Kimel Broad. Grp., Inc.*,
   727 F. Supp. 1337 (N.D. Cal. 1989) ................................................................. 12

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201 (9th Cir. 2020) .......................................................................... 10

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................. 6, 7, 9, 10

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) .......................................................................................... 11

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) ........................................................................ 7, 8

*Core-Vent Corp. v. Nobel Indus. AB*,
   11 F.3d 1482 (9th Cir. 1993) ............................................................................ 11

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ........................................................................................ 5, 7

*Fourco Glass Co. v. Transmirra Prod. Corp.*,
   353 U.S. 222 (1957) .......................................................................................... 12

*Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*,
   905 F.3d 597 (9th Cir. 2018) .............................................................................. 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................................................ 5

*Graco Minnesota Inc. v. PF Brands, Inc.*,
   No. 18-CV-1690-WGH-AGS, 2019 WL 1746580 (S.D. Cal. April 17, 2019) ...................... 11

*King v. Russell*,
   963 F.2d 1301 (9th Cir. 1992) ............................................................................ 7

*Lumiere v. Mae Edna Wilder, Inc.*,
   261 U.S. 174 (1923) .......................................................................................... 12

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ........................................................................ 7, 9

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Nat. Wellness Centers of Am., Inc. v. Golden Health Prod., Inc.*,
No. C 12-05586 CW, 2013 WL 245594 (N.D. Cal. Jan. 22, 2013)........................................ 8

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015)........................................................................................... 9, 10

*Piedmont Label Co. v. Sun Garden Packing Co.*,
598 F.2d 491 (9th Cir. 1979)................................................................................................... 7

*Republic of Kazakhstan v. Ketebaev*,
No. 17-CV-00246-LHK, 2018 WL 2763308 (N.D. Cal. June 8, 2018) ................................. 6

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004)............................................................................................... 4, 5

*Spy Optic, Inc. v. AreaTrend, LLC*,
843 F. App'x 66 (9th Cir. 2021) (unpublished) ................................................................... 10

*Tart Optical Enters., LLC v. Light Co. Ltd.*,
No. SACV19-00898-AG, 2019 WL 9048862 (C.D. Cal. Oct. 4, 2019) ............................... 10

*Walden v. Fiore*,
571 U.S. 277 (2014)................................................................................................................. 9

*Wonderful Co. LLC v. Nut Cravings Inc.*,
No. 220CV11738SVWJEM, 2021 WL 3598859 (C.D. Cal. Apr. 22, 2021)........................ 10

*Zawitz v. Star Magic*,
No. 20-CV07121-DMR, 2021 WL 1788590 (N.D. Cal. May 5, 2021) ................................. 6

**Federal Statutes**

15 U.S.C § 1125(a) ...................................................................................................................... 3

17 U.S.C. § 1201 ......................................................................................................................... 3

18 U.S.C. § 1030 ......................................................................................................................... 3

28 U.S.C.§ 1400 .............................................................................................................. 1, 4, 7, 12

**Other Authorities**

Fed. R. Civ. P 12(b)(2).................................................................................................................. 4

Fed. R. Civ. P 12(b)(3).................................................................................................................. 7

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 9, 2021 at 1:30 p.m., in Courtroom 5, 17th Floor (San Francisco) before the Honorable Edward M. Chen, Defendant JW Batteries LLC, ("JW Batteries") will move the Court under Rule 12(b)(2) and (b)(3) of the Federal Rules of Civil Procedure to dismiss this action. The grounds for this Motion, as set forth in detail below, are that the Court lacks personal jurisdiction over JW Batteries and venue is improper.

Accordingly, this case should be dismissed.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Issues to Be Decided**

1.  Whether the Court should dismiss this action for lack of personal jurisdiction over JW Batteries?

2.  Whether the Court should dismiss this action for improper venue under 28 U.S.C. §1400 for Plaintiff's claim related to the Copyright Act?

**II.    Introduction**

JW Batteries is a five-person company in Dallas, Texas. JW Batteries sells batteries and other accessories that allow the owners of electric bicycles and skateboards to upgrade these devices. Future Motion sued JW Batteries in this Court alleging that JW Batteries violated the Copyright Act and Computer Fraud and Abuse Act by enabling Future Motion's customers to upgrade the batteries in their ONEWHEEL electric skateboards. Future Motion also alleges infringement of its unregistered XR mark.

JW Batteries has no connection to California other than a portion of its sales made through a generally-accessible website. JW Batteries contends such sales are insufficient to permit this

Court to exercise jurisdiction over it in this case. For that reason, JW Batteries seeks dismissal for lack of personal jurisdiction and improper venue as explained below.

## III.    Relevant Facts

### A.  JW Batteries

JW Batteries is a Texas Limited Liability Company with its principal, and only, place of business in Dallas, Texas. Martin Decl. ¶2.[1] JW Batteries has five employees, all of whom live and work in Dallas, Texas. *Id*. ¶4. JW Batteries does not operate any locations in California nor does it have any contractual relationships with anyone based in California for sales, distribution, or the like of its products. *Id*. ¶5. JW Batteries is not registered to do business in California nor does it maintain a mailing list, membership club, or any other ongoing relationship with California customers. *Id*. ¶3. None of JW Batteries' employees has ever traveled to California for any purpose related to JW Batteries' business. *Id*. ¶6.

JW Batteries sells its products through its own website at https://jwbatteries.com/. *Id*. ¶7. JW Batteries offers a number of products for sale through its website including the JWFFM Chip addressed in Future Motion's Complaint. *Id*. ¶8. JW Batteries also offers the JWXR stickers that Future Motion complains of in its Complaint through its website. *Id*. ¶9. JW Batteries does not make a profit from the stickers, but charges a $3 fee to cover the costs and shipping/handling of the stickers. *Id*. JW Batteries began tracking where these stickers were shipped in approximately August 2021.

JW Batteries does not run any advertisements for its products in California or target customers in any particular location. *Id*. ¶¶10-11. JW Batteries does maintain a YouTube Channel and Facebook channel in addition to its own website. *Id*. ¶7. JW Batteries has shipped its products

---

[1] "Martin Decl." refers to the declaration of Jim Martin, founder and co-owner of JW Batteries, attached as Exhibit 1.

2

to customers in 45 states plus the District of Columbia as well as 10 different jurisdictions outside the United States. *Id*. ¶12(a). Less than 19 percent of JW Batteries' sales, by units and revenue, have come from California. *Id*. ¶12(b). JWFFM chips sent to customers in California account for a little more than 3% of JW Batteries' revenue. *Id*. ¶12(c). Since JW Batteries began tracking distribution of the JWXR stickers, it has shipped a total of eight stickers to California. *Id*. ¶12(d).

### B. Future Motion's Allegations

Future Motion asserts three claims in its Complaint. *See* Original Complaint (Dkt. 1). These are:

(1) Claim 1 for "Circumvention of Technological Measure Under 17 U.S.C. §1201" of the Copyright Act (*id*. ¶¶31-38);

(2) Claim 2 for "Violation of the Computer Fraud and Abuse Act Under 18 U.S.C. § 1030" (*id*. ¶¶39-46);

(3) Claim 3 for "False Designation of Origin Under 15 U.S.C § 1125(a)" of the Lanham Act (*id*. ¶¶47-51).

Future Motion's Claims 1 and 2 are directed at JW Batteries' sales of its JWFFM Chip. *Id*. ¶¶36 & 42. Claim 3 under the Lanham Act is directed at JW Batteries' sale of JWXR stickers. *Id*. ¶49.

Future Motion's Complaint acknowledges that JW Batteries is a Texas company with its physical address in Dallas, Texas. *Id*. ¶¶2-3. Nevertheless, Future Motion asserts this Court has personal jurisdiction over JW Batteries in Paragraph 7 of the Complaint because:

- "Defendant advertises and sells its products and services to customers within this district, including the products and services at issue in this action."

- "By committing the purposeful act of injecting its products into the nationwide stream of commerce through the e-commerce website jwbatteries.com, including to customers within this district, Defendant reasonably knew or expected that it could be hailed into court within this district."

*Id*. ¶7. On the basis of these allegations, Future Motion asserts "the exercise of personal jurisdiction over Defendant comports with the laws of this State and the constitutional requirements of due process." *Id*.

3

**DEFENDANT JW BATTERIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

Future Motion's allegations regarding venue are in Paragraph 8 of its Complaint. *Id*. ¶8. Notably, Future Motion makes no mention of 28 U.S.C. § 1400 which includes the venue rules for "proceedings arising under any Act of Congress relating to copyrights." *Id*. Claim 1 of Future Motion's Complaint arises under the Copyright Act. *See id*. at 2 ("Nature of the Case"), ¶4, & ¶¶31-38; Civil Cover Sheet (Dkt. 1-2) (selecting "Copyright").

**IV.   Argument**

  **A.  Legal Standards**

  **i.  Personal Jurisdiction**

Fed. R. Civ. P 12(b)(2) allows a defendant to seek dismissal on the grounds that the Court lacks personal jurisdiction over the action. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because there is no applicable federal statute governing personal jurisdiction, the Court applies the law of California – i.e., the state in which the Court sits. "California's long-arm jurisdictional statute is coextensive with federal due process requirements . . . ." *Id*. at 800-01 (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998)); *see* Cal. Code Civ. Proc. § 410.10. "For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id*. at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"There are two categories of personal jurisdiction: (1) general jurisdiction and (2) specific jurisdiction." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984)). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations

4

to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *International Shoe*, 326 U.S. at 317). "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id*. (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L.Rev. 1121, 1136 (1966)).

### 1.   *General Jurisdiction*

General jurisdiction requires that defendant's contacts with the forum state must be so continuous and systematic as to render the defendant essentially at home in the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 122, 128 (2014); *see also Schwarzenegger*, 374 F.3d at 807 (asking whether the defendant has continuous and systematic contacts that approximate physical presence in the forum state). "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ...bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (quoting Brilmayer et al., *A General Look at General Jurisdiction*, 66 Texas L.Rev. 721, 735 (1988)). Although the Supreme Court has not held that "a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business," the Court has also rejected the proposition that there is general jurisdiction over a corporation "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' That formulation...is unacceptably grasping." *Id*. (emphasis in original); *see also id.* at 139 (stating that the inquiry is "not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic'" but rather "whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State'") (quoting *Goodyear*, 564 U.S. at 919).

**DEFENDANT JW BATTERIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

### 2. *Specific Jurisdiction*

"There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant:

> (1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum';
>
> (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and
>
> (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.'"

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). If successful, then the burden "shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

"Under the first prong of the specific jurisdiction test, purposeful availment and purposeful direction are distinct concepts." *Zawitz v. Star Magic*, No. 20-CV07121-DMR, 2021 WL 1788590, at *3 (N.D. Cal. May 5, 2021) (citing *Schwarzenegger*, 374 F.3d at 802). "[P]urposeful direction is used in cases, such as this intellectual property action, that sound in tort." *Id.* at *3 (addressing copyright and trademark causes of action) (citing *Schwarzenegger*, 374 F.3d at 802 and *Axiom Foods*, 874 F.3d at 1067); *see also Republic of Kazakhstan v. Ketebaev*, No. 17-CV-00246-LHK, 2018 WL 2763308, at *9 (N.D. Cal. June 8, 2018) (finding that "the CFAA [Computer Fraud and Abuse Act]. . . causes of action sound in tort . . . ."). The purposeful direction test requires that the "defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

6

suffered in the forum state.'" *Axiom Foods*, 874 F.3d at 1069 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)).

### ii.  <u>Improper Venue</u>

Fed. R. Civ. P 12(b)(3) allows a defendant to seek dismissal for improper venue. The plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). If the court determines that venue is improper, the court must dismiss the action or, in the interests of justice, transfer the action to a district or division in which the action could have been brought. 28 U.S.C. § 1406(a) (1996); *see also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (affirming dismissal of action on grounds of improper venue).

### B.  **Plaintiff Fails to Establish General Jurisdiction Over JW Batteries.**

Future Motion has not and cannot establish that this Court has general jurisdiction over JW Batteries. Future Motion's Complaint admits that JW Batteries is incorporated and has its principal place of business in Texas, not California. Original Complaint ¶2. Thus, for Future Motion to establish general jurisdiction, it must show that JW Batteries' "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 139 (citation omitted). Future Motion's vague assertions that JW Batteries "advertises and sells its products and services to customers within this district" and sells its products "through the e-commerce website jwbatteries.com, including to customers within this district" fail to meet that standard. *See* Original Complaint ¶7 (plaintiff's jurisdictional allegations).

Future Motion's Complaint essentially asserts that the Court has jurisdiction over JW Batteries because it sells its products to California residents through its website. Even prior to *Daimler*, the Ninth Circuit rejected this as a basis for general jurisdiction in *CollegeSource, Inc. v.*

7

*AcademyOne, Inc.,* 653 F.3d 1066, 1075–76 (9th Cir. 2011). "If the maintenance of an interactive website were sufficient to support general jurisdiction in every forum in which users interacted with the website, 'the eventual demise of all restrictions on the personal jurisdiction of state courts' would be the inevitable result." *Id*. at 1075-6 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)) (other citations omitted).

Courts in this district have likewise recognized that "the mere maintenance of an interactive website is insufficient to support general jurisdiction over a foreign defendant, even if residents of the forum state visit the website and make purchases through it." *Nat. Wellness Centers of Am., Inc. v. Golden Health Prod., Inc.*, No. C 12-05586 CW, 2013 WL 245594, at *3 (N.D. Cal. Jan. 22, 2013) (citing *CollegeSource*, 653 F.3d at 1075–76). To show "substantial and continuous commerce with the forum," Future Motion must allege something more than sales through a website. Here, it cannot. JW Batteries has made less than 19% of its sales and revenue from California (Martin Decl. ¶12(b)), and these sales have not caused JW Batteries to send employees to California (*id*. ¶6) or tailor its marketing towards California in any way (*id*. ¶10). *See Nat. Wellness Centers of Am., Inc.*, WL 245594, at *3 (finding sales that "constitute less than fifteen percent of Defendants' total product sales" insufficient to confer general jurisdiction and noting that "[w]hat's more, these sales have not prompted Defendants to travel to California, send sales agents there, or tailor their marketing towards the state in any way.").

Future Motion cannot rest jurisdiction in this case on general jurisdiction over JW Batteries.

### C. Plaintiff Fails to Establish Specific Jurisdiction Over JW Batteries.

Future Motion has not and cannot establish that this Court has specific jurisdiction over JW Batteries for its claims in this case. Because Future Motion's claims sound tort, this Court must apply the "purposeful direction" test. *See supra* § IV(a)(i)(2). Future Motion's jurisdictional

8

**DEFENDANT JW BATTERIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

allegations are the same as those discussed above for general jurisdiction—essentially that JW Batteries sold products to California residents through its website. *See* Original Complaint ¶7. For specific jurisdiction purposes, the relevant inquiries are JW Batteries sales of the JWFFM chip at issue in Claims 1 and 2 and the stickers at issue in Claim 3. Future Motion's vague allegations that the products JW Batteries has sold "to customers within this district" "include[e] the products and services at issue in this action" cannot meet the current standards for purposeful direction. *See id*. ¶7 (plaintiff's jurisdictional allegations).

Future Motion has not and cannot show that JW Batteries has "expressly aimed" its JWFFM Chips or JWXR stickers at California under the Ninth Circuit's "purposeful direction" test. In analyzing whether conduct is "expressly aimed at the forum state," the Ninth Circuit has "made clear that 'maintenance of a passive website alone cannot satisfy the express aiming prong.'" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d at 1229 (9th Cir. 2011) (citations omitted). Rather, to satisfy the "express aiming" requirement, "'something more'—conduct directly targeting the forum" must be shown. *Id*. (citations omitted). The Ninth Circuit has "considered several factors, including the interactivity of the defendant's website" "[i]n determining whether a nonresident defendant has done 'something more.'" *Id*. (citations omitted).

The Ninth Circuit has further refined the "express aiming" requirement following the Supreme Court's 2014 *Walden v. Fiore* decision. *See Axiom Foods, Inc.*, 874 F.3d at 1069 (discussing *Walden v. Fiore*, 571 U.S. 277, 288 (2014)). In applying the "express aiming" requirement, the Ninth Circuit "look[s] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citing *Walden*, 571 U.S. at 288). "Thus, a 'mere injury to a forum resident is not a sufficient connection to the forum." *Id.* (citing *Walden*, 571 U.S. at 290). "Express aiming is not satisfied where connections to the forum state are merely the foreseeable result of a defendant's

**DEFENDANT JW BATTERIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

conduct." *Id.*; *see also Axiom Foods*, 874 F.3d at 1070 ("The foreseeability of injury in a forum 'is not a "sufficient benchmark" for exercising personal jurisdiction.'" (citations omitted)).

These refinements to the "express aiming" requirement "have a clear implication for internet sales" as has been recognized by the Central District of California. *See Wonderful Co. LLC v. Nut Cravings Inc.*, No. 220CV11738SVWJEM, 2021 WL 3598859, at *2 (C.D. Cal. Apr. 22, 2021). "Selling products on the internet on a national scale is insufficient to establish personal jurisdiction in any one state without additional evidence of conduct focused on that state." *Id.* (citing *Mavrix Photo*, 647 F.3d at 1229 (requiring "something more" than "tortious conduct on a nationally accessible website")).

"Several recent cases confirm this implication." *Id.* The Ninth Circuit held in *AMA Multimedia* that "a foreign adult film website operator had not expressly aimed content at the U.S. market even though 20% of the website's users were in the U.S." *Id.* (quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020)). Similarly, in an unpublished opinion from this year, the Ninth Circuit held that "[o]perating a universally accessible website alone cannot satisfy the express aiming prong." *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021) (unpublished) (holding that there was no specific jurisdiction where, among other things, the defendant "is not registered to do business in California; it does not advertise or market its products in California; and it does not maintain a mailing list, membership club, or other ongoing relationship with California customers").

"Recent district court cases are in accord." *Wonderful Co. LLC*, 2021 WL 3598859, at *2 (citing *P and P Imports LLC v. OJCommerce, LLC*, 2019 WL 8012690, at *2 ("[M]arketing and selling to California residents through Defendants' website or Amazon.com is insufficient to establish personal jurisdiction."); *Tart Optical Enters., LLC v. Light Co. Ltd.,* No. SACV19-00898-AG, 2019 WL 9048862, at *13 (C.D. Cal. Oct. 4, 2019) ("[O]peration of a general website

10

selling goods throughout the United States is not sufficient to establish purposeful direction." (citations omitted and cleaned up)); *see Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-CV-1690-WGH-AGS, 2019 WL 1746580, at *4 (S.D. Cal. April 17, 2019) ("District courts have declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers." (citations omitted and cleaned up)).

Here, JW Batteries' only alleged connection to California is its sales through its website to customers in this district. *See* Original Complaint ¶7. But, sales of the JWFFM chip to customers in California account for a little more than 3% of JW Batteries revenue, and it has sent only eight of the accused stickers to California. Martin Decl. ¶¶12(c)-(d). JW Batteries is not registered to do business in California, maintains no physical presence there, has not sent any employees there, and does not maintain any mailing list, club or other ongoing relationship with California residents. *Id.* ¶3. JW Batteries does not advertise its products in California or target customers in any particular location. Decl. at ¶¶10-11. Future Motion has not and cannot allege the "something more" targeting California that the Ninth Circuit requires to show "express aiming." Future Motion, therefore, cannot meet its burden to demonstrate purposeful direction by JW Batteries, and this case must be dismissed for lack of personal jurisdiction.[2]

### D. This Case Should Also Be Dismissed for Improper Venue for Plaintiff's Copyright Claim.

Venue in "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating

---

[2] Even if Future Motion could meet its burden to show purposeful direction, the exercise of jurisdiction over JW Batteries here would not comport with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). The Ninth Circuit considers seven factors when determining whether exercising jurisdiction over a nonresident defendant comports with "fair play and substantial justice." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–88 (9th Cir. 1993). Under analysis of these factors based on at least the arguments presented here, the Court should decline to exercise personal jurisdiction over JW Batteries even if it found it could (which it should not).

11

to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a) (1996). The Supreme Court held long ago that "the general provision governing suits in the federal district courts" does not govern suits under the Copyright Act. *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923); *cf. Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957) (holding that Section 1400(b) governing patent cases "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. s 1391(c), 28 U.S.C.A. s 1391(c)"). For purposes of section 1400(b), "a defendant is 'found' wherever personal jurisdiction over him is proper." *Advideo, Inc. v. Kimel Broad. Grp., Inc.*, 727 F. Supp. 1337, 1341 (N.D. Cal. 1989) (citations omitted).

Future Motion has failed to plead the correct venue statute in its Complaint. And, because venue under Section 1400(b) and personal jurisdiction are coextensive in this case, Future Motion's Complaint should be dismissed for improper venue for the same reasons that the Court lacks personal jurisdiction over JW Batteries as explained above.

**V.    Conclusion**

For the foregoing reasons, JW Batteries respectfully asks the court to dismiss the complaint filed by Plaintiff for lack of personal jurisdiction and improper venue.

12

DATED: October 25, 2021

By:/s/*David T. DeZern*
    DAVID T. DEZERN


GRAY REED & MCGRAW LLP

ERIC S. TAUTFEST (*pro hac vice*)
DAVID T. DEZERN (*pro hac vice*)

Attorneys for Defendant
JW BATTERIES LLC


BUCHALTER
A Professional Corporation

DANIEL S. SHIMELL

13

1

## **CERTIFICATE OF SERVICE**

2

     I hereby certify under penalty of perjury that a true and correct copy of the above and

3

foregoing document has been served on all counsel of record via the Court's CM/ECF system on

4

October 25, 2021.

5

6
                                     */s/David T. DeZern*
                                     David T. DeZern

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14