DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com
MICLEAN GLEASON LLP
1301 Shoreway Road, Suite 290
Belmont, CA 94002
Telephone: (650) 684-1181

SHAWN J. KOLITCH (*Pro Hac Vice Pending*)
E-mail: shawn@kolitchromano.com
Oregon State Bar No. 063980
KOLITCH ROMANO LLP
520 SW Yamhill Street, Suite 200
Portland, OR 97204
Telephone: (503) 994-1650
Facsimile: (971) 279-4549

Attorneys for Plaintiff
FUTURE MOTION, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JW BATTERIES LLC, a Texas Company,<br><br>　　　　Defendant. | Case No. 3:21-cv-06771-EMC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Honorable Edward M. Chen<br><br>Date: Dec. 9, 2021<br>Time: 1:30 PM<br>Courtroom 5, 17th Floor |

**Contents**

I.    INTRODUCTION ................................................................................................... 4

II.   BACKGROUND ..................................................................................................... 4

III.  THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT ............ 6

    A.    This Court Can Exercise Specific Jurisdiction over JW Batteries ................ 8

        1.    Defendant Purposefully Directs Its Conduct at California ................ 8

        2.    Future Motion's Claims Arise Out of Defendant's Unlawful Contacts with California ................................................................. 13

        3.    Exercising Jurisdiction over Defendant Would Not Be Unreasonable ........................................................................... 13

IV.  DEFENDANT'S VENUE ARGUMENT IS REDUNDANT ................................ 14

V.   FUTURE MOTION SHOULD BE GRANTED LEAVE TO AMEND ................ 14

VI.  CONCLUSION ..................................................................................................... 15

**Table of Authorities**

Cases

*AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) .............................. 9

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) ..... 8, 9, 11

*Bancroft & Masters v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ................ 6

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) ...... 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985) ...................................... 13

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) ............... 6

*Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ........................................................... 8

*Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) .................................... 6, 12

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .................................................... 8

*Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000) ...................................................... 15

*Mavrix Photo v. Brand Technologies Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) .......... 8, 9

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) .......................... 13

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ................ 6

*Walden v. Fiore,* 571 U.S. 277, 287 (2014) .................................................................. 9, 11

*Yahoo! Inc. v. La Ligue Cantre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199
  (9th Cir. 2006) (en banc) ................................................................................................ 6


Statutes

28 U.S.C. § 1653 ............................................................................................................... 15

## I. INTRODUCTION

Defendant JW Batteries LLC ("JW Batteries") does significant business in California, and California is a focal point of both Defendant's sales and of the harm suffered by Plaintiff Future Motion, Inc. ("Future Motion"). Specifically, Defendant admits in its Motion to Dismiss that almost one-fifth of its sales and revenue are from California customers. ECF No. 16-1, ¶ 12. Given the fact that Defendant sells to 56 separate jurisdictions, this means that Defendant's sales to California are at least *ten times* its average sales per jurisdiction, and California likely represents Defendant's single largest source of sales and revenue. In addition, Defendant refers its customers for installation of its accused JWFFM Chips to a California company that operates at least six retail locations in California, including one in Santa Cruz, where Future Motion has its headquarters. These facts are sufficient for the Court to exercise specific personal jurisdiction over Defendant. In the event the Court disagrees and finds that the current record is insufficient to support jurisdiction, Future Motion respectfully requests leave to conduct jurisdictional discovery, and will file a suitable motion after conferring with Defendant's counsel. As described below, this is based on Future Motion's reasonable expectation that discovery will uncover additional jurisdictional facts.

## II. BACKGROUND

Future Motion makes and sells the extremely popular ONEWHEEL® self-balancing electric skateboards, along with related accessories and services. One of Future Motion's primary concerns is user safety, which includes ensuring that the battery powering the electric motor in each ONEWHEEL board is always in a safe operating

condition. If the motor operates while the battery is in an unsafe condition, this could lead to various catastrophic results, including sudden motor shut-down or a battery fire. Complaint (ECF No. 1), ¶ 27. For this reason, if the battery is not in a safe operating condition, or does not otherwise meet Future Motion's safety requirements, Future Motion's technological measures are designed to prevent the ONEWHEEL skateboard's motor from operating. Complaint, ¶ 11.

Defendant has created a business model that relies primarily, if not exclusively, on hacking into the processors contained in Future Motion's ONEWHEEL boards, to circumvent Future Motion's technological measures for the purpose of allowing the operation of Defendant's own batteries that do not meet Future Motion's safety standards, and that do not accurately communicate the condition of the battery to the motor controller. Complaint, ¶¶ 20-26.

Defendant's motion to dismiss is based on its assertion that it does not do sufficient business in California. This is untrue. Defendant admits that it makes almost one-fifth of its sales to California, representing at least ten times Defendant's average sales per jurisdiction, and likely representing Defendant's largest single sales channel. In addition, Defendant has a relationship of unknown extent (which Defendant omitted from its jurisdictional declaration) with a California company that installs Defendant's accused JWFFM Chips in Future Motion products based on Defendant's recommendation to customers, and presumably based on Defendant's training, in at least six locations in California. This is sufficient tortious conduct focused on California to support specific personal jurisdiction over Defendant.

## III.   THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

While Future Motion bears the burden of demonstrating that this Court has jurisdiction, it need only make a prima facie showing of facts that support a finding of jurisdiction. *See Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). A court must take uncontroverted allegations in the complaint as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). A defendant may submit a declaration to contradict allegations in a complaint. However, when a "defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (*quoting Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). The Court must resolve all factual disputes in Future Motion's favor. *CollegeSource*, 653 F.3d at 1073; *see also Bancroft & Masters v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (overruled in part on other grounds by *Yahoo! Inc. v. La Ligue Cantre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc) ("Because the prima facie jurisdictional analysis requires us to accept the plaintiff's allegations as true, we must adopt [the plaintiff's] version of events for purposes of this appeal").

Future Motion pled in its Complaint that JW Batteries conducts business in the State of California, and that a substantial part of the events or omissions giving rise to Future Motion's claims occurred in California. Complaint, ¶¶ 7-8. Through the Declaration of Jim Martin ("Martin Decl."), Defendant admits that it sells its products

through its website at https://jwbatteries.com, which is therefore an interactive, sales-based e-commerce website, rather than a passive website. Martin Decl., ¶ 7.

Defendant further states that it has shipped its products to 56 separate jurisdictions, including California. Martin Decl., ¶ 12a. This means that Defendant has shipped an average 1.79% of its products to each of the 56 jurisdictions. However, Defendant admits that it has made "[l]ess than 19 percent" of its sales, "by units and revenue" to California. Martin Decl., ¶ 12b. This clearly implies that Defendant has made more than 18 percent of its sales to California, which is *more than ten times Defendant's average sales to each jurisdiction*. California is a major focus of Defendant's business.

Furthermore, although Defendant states that it has no "contractual relationships with anyone based in California for sales, distribution, or the like of its products" (Martin Decl., ¶ 5), Defendant instructs its customers to have the accused JWFFM Chip installed by California-based Stoke Life Services ("SLS") and provides contact information for SLS on its website. Decl. of Shawn J. Kolitch in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Kolitch Decl."), ¶ 2, Ex. A. As far as Future Motion can determine, SLS is a California corporation (Kolitch Decl., ¶ 3, Ex. B-C), the SLS terms and conditions of service are explicitly governed by California law (Kolitch Decl., ¶ 3, Ex. B), and SLS operates at least six retail locations in California, including one in Santa Cruz, where Future Motion is headquartered. Kolitch Decl., ¶ 4, Ex. D.

### A.   This Court Can Exercise Specific Jurisdiction over JW Batteries

As a threshold matter, Future Motion does not contend that the Court has general jurisdiction over Defendant. For the following reasons, however, the Court has specific jurisdiction over Defendant.

Federal due process principles determine whether a court may assert specific jurisdiction over a non-consenting defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."). Due process requires that a non-resident defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (cleaned up). The plaintiff bears the burden of proving that there are minimum contacts. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). In the context of a claim arising in tort, a plaintiff generally must show (1) that the defendant purposefully directed activities at the forum, and (2) that its claim "arises out of or relates to the defendant's forum-related activities." *Id*. (citation omitted). In addition, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Mavrix Photo v. Brand Technologies Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).

#### 1.   Defendant Purposefully Directs Its Conduct at California

The first requirement, which is sometimes called the "purposeful direction" test, has three prongs. The defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069. Defendant admits that it committed an intentional act by selling its JWFFM Chip and related batteries. Martin Decl., ¶¶ 7-12. Defendant also committed the intentional act of referring customers to California-based SLS for installation of the JWFFM Chip. Kolitch Decl., ¶ 2, Ex. A. The Court can therefore advance to the second prong of the test, i.e., whether Defendant's acts were "expressly aimed" at California. To establish this, Future Motion must show that California is a "focal point both of [Defendant's actions] and of the harm suffered." *Axiom Foods*, 874 F.3d at 1071 (*quoting Walden v. Fiore,* 571 U.S. 277, 287 (2014)).

The Ninth Circuit has held that "a website's operators can be said to have 'expressly aimed' at a forum where a website 'with national viewership and scope appeals to, and profits from, an audience in a particular state.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (quoting *Mavrix Photo v. Brand Technologies Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)). Defendant's own admissions show this to be the case, by demonstrating that Defendant sells to California customers at a rate more than ten times Defendant's average sales rate to 45 U.S. states and 11 other jurisdictions. Martin Decl., ¶¶ 12a-b.

Defendant surely knows that Future Motion is based in California and has a significant customer base in California, because California is well-known as the place of origin and U.S. epicenter of skateboarding. *See, e.g.*, https://www.redbull.com/us-en/history-of-skateboarding (describing the origins of skateboarding in California); https://en.wikipedia.org/wiki/Skateboarding (providing a detailed history of California's central role in the evolution of skateboarding). The fact that Defendant sells to customers

in 56 jurisdictions but makes almost one-fifth of its sales to California customers indicates that Defendant is well aware of Future Motion's California customer base, and that Defendant's e-commerce website "appeals to, and profits from," a California audience.

Furthermore, although Defendant states that it has no "contractual relationships with anyone based on California for sales, distribution, or the like of its products" (Martin Decl., ¶ 5), Defendant recommends that its customers have the JWFFM Chip installed by California-based SLS, and provides contact information for SLS on the JWFFM Chip product page of its website. *See* Kolitch Decl., ¶ 2, Ex. A. On information and belief, SLS is a dba operated by Rhubarb LLC, a California corporation. Kolitch Decl., ¶ 3, Ex. B-C. In any event, the SLS terms and conditions of service are explicitly governed by California law. Kolitch Decl., ¶ 3, Ex. B. SLS operates at least six retail locations in California, including one in Santa Cruz where Future Motion is headquartered. Kolitch Decl., ¶ 4, Ex. D.

Defendant clearly has a sufficient relationship with California-based SLS to instruct SLS on the installation of Defendant's products, to refer Defendant's customers to SLS facilities for installation of Defendant's JWFFM Chip into Future Motion's ONEWHEEL skateboards, and for SLS to accept Defendant's referral of customers, including California customers, for that purpose. In other words, an appreciable fraction of the actual circumvention of Future Motion's technological measures, which is the subject of this action, almost certainly occurs in California at the direction, instruction, and/or recommendation of Defendant. This demonstrates that California is a "focal point

both of [Defendant's actions] and of the harm suffered," and that Defendant's acts are "expressly aimed" at California. *Axiom Foods*, 874 F.3d at 1071 (*quoting Walden v. Fiore,* 571 U.S. 277, 287 (2014)).

Defendant's motion leaves several other, potentially important jurisdictional issues unclear. For example:

- Defendant states it does not maintain an "ongoing relationship with California customers." Martin Decl., ¶ 3. However, Defendant does not indicate the extent to which it has received Future Motion products from California customers, modified them by installing the JWFFM Chip and/or aftermarket batteries, and shipped them back to California. Similarly, Defendant does not state whether it has repeat customers in California.

- Defendant does not address whether it has done business directly with Future Motion by purchasing Future Motion products and having them shipped from California to Defendant, or to persons acting in privity with Defendant. It is not clear how Defendant could have developed its JWFFM Chip and related aftermarket batteries without obtaining Future Motion products.

- Defendant admits that in addition to its e-commerce website, it "maintains a YouTube Channel and a Facebook channel." Martin Decl., ¶ 7. On information and belief, Defendant also maintains an Instagram channel at https://www.instagram.com/jwbatteries/. Kolitch Decl., ¶ 5, Ex. E. Defendant does not address the extent to which Defendant's website traffic, social media

followers and/or page views come from California, or the extent to which Defendant interacts via social media with California residents.

- Defendant states that it "does not run any advertisements for its products in California or otherwise." Martin Decl., ¶ 10. However, it is apparent that Defendant advertises its products through its social media channels. Kolitch Decl., ¶ 6, Ex. F. Defendant does not address the extent to which California customers view and/or follow Defendant's advertising links on its social media pages.

If the Court elects not to exercise specific jurisdiction over Defendant based on jurisdictional facts already in the record, Future Motion is filing a motion for limited jurisdictional discovery to determine the extent to which Defendant has further expressly aimed its activities at California, to address at least the points listed above.

With respect to the last prong of the purposeful direction test, Defendant's acts have clearly caused harm that Defendant knows is likely to be suffered in California, because "a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1113 (9th Cir. 2002). In this case, Future Motion has its principal place of business in California, and has alleged it has suffered both reputational and economic harm. In addition, as described above, Future Motion alleges that at least some of the installations of Defendant's JWFFM Chips have occurred in California, based on Defendant's relationship with, and referral of customers to, California-based SLS.

Accordingly, Future Motion has suffered jurisdictionally sufficient harm in California, even if it has also suffered harm in other forums.

### 2. Future Motion's Claims Arise Out of Defendant's Unlawful Contacts with California

The second prong of the Ninth Circuit test requires that "the claim asserted in the litigation arises out of the defendant's forum related activities." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Future Motion's DMCA, CFAA and Lanham Act claims all arise out of Defendant's sales of JWFFM Chips, high-capacity batteries, and trademark infringing stickers through an e-commerce website accessible to users in California. Defendant admits selling almost one-fifth of its products into California, and refers customers to a California company for installation of the JWFFM Chips. Furthermore, Defendant's conduct has had the effect of injuring Future Motion in California, and but for Defendant's conduct, this injury would not have occurred. Accordingly, Future Motion's claims arise out of Defendant's California-related activities. *Id.*

### 3. Exercising Jurisdiction over Defendant Would Not Be Unreasonable

Future Motion has shown that Defendant purposefully directed its conduct to California, and that its claims against Defendant arise from Defendant's contacts with California. Accordingly, the burden shifts to Defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985). In *Burger King*, the Supreme Court articulated a seven-factor balancing test to address the question of reasonableness. *Id.* Defendant has

not presented any argument that jurisdiction in California would be unreasonable, or cited any of the factors enunciated by the Supreme Court in *Burger King*.

Here, the extent of Defendant's purposeful direction is clear both from Defendant's exploitation of the California market at a rate ten times greater than its average sales rate to other jurisdictions, and from Defendant's referral relationship with a California company for installation of the JWFFM Chips in Future Motion's products. Nor would Defendant be unduly burdened by litigating in California, particularly with many civil hearings conducted remotely. California has an interest in adjudicating tort claims alleging wrongs against its residents, and Future Motion is entitled to its choice of forum to obtain effective relief. Jurisdiction would not be unreasonable.

### IV.   DEFENDANT'S VENUE ARGUMENT IS REDUNDANT

Defendant has also moved to dismiss this action for improper venue, and alleges that Future Motion failed to plead the correct venue statute for its DMCA claim. However, Defendant admits that venue and personal jurisdiction "are coextensive in this case." ECF No. 16, p. 16. Accordingly, Defendant's argument regarding venue is redundant, because if the Court determines that it has personal jurisdiction over Defendant, venue will be proper. Accordingly, Future Motion will not respond further to Defendant's venue argument.

### V.   FUTURE MOTION SHOULD BE GRANTED LEAVE TO AMEND

If this Court finds that Future Motion's pleading of jurisdictional facts is deficient, or that Future Motion failed to plead the correct venue statute for its DMCA claim, Future Motion respectfully requests that it be given leave to amend. Defendant cannot

meet the high burden of defeating the presumption that leave to amend be freely given. *Lopez v. Smith*, 203 F. 3d 1122, 1127 (9th Cir. 2000). Furthermore, when a jurisdictional objection is raised, leave to amend should be granted to cure jurisdictional defects. 28 U.S.C. § 1653. Future Motion has submitted facts establishing jurisdiction, and will shortly (after conferring with Defendant's counsel) file a motion for leave to conduct jurisdictional discovery to obtain additional facts that may be necessary to establish jurisdiction. Future Motion therefore respectfully requests that the Court grant it leave to amend its Complaint and/or conduct jurisdictional discovery, should the Court find that the current record is insufficient to support jurisdiction.

## VI.   CONCLUSION

For the foregoing reasons, Future Motion respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated:  November 8, 2021                     Respectfully Submitted,

                                             MICLEAN GLEASON LLP

                                             By:   /s/ David J. Miclean
                                                   David J. Miclean
                                                   Attorneys for Plaintiff Future Motion, Inc.

Dated: November 8, 2021                      Respectfully Submitted,
                                             KOLITCH ROMANO LLP

                                             By:   /s/ Shawn J. Kolitch
                                                   Shawn J. Kolitch (*pro hac vice*)
                                                   Attorneys for Plaintiff Future Motion, Inc.