ERIC S. TAUTFEST (Texas SBN: 24028534)
etautfest@grayreed.com
(*pro hac vice*)
DAVID T. DEZERN (Texas SBN: 24059677)
ddezern@grayreed.com
(*pro hac vice*)
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332

PAUL J. FRAIDENBURGH, ESQ. (SBN: 280354)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Email: pfraidenburgh@buchalter.com

Attorneys for Defendant
JW BATTERIES LLC

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JW BATTERIES LLC, a Texas Company,<br><br>Defendants. | CASE NO. 3:21-cv-06771-EMC<br><br>**DEFENDANT JW BATTERIES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) and (b)(3)**<br><br>Honorable Edward M. Chen<br><br>Date: Dec. 9, 2021<br>Time: 1:30 PM<br>Courtroom 5, 17th Floor<br><br>JURY TRIAL DEMANDED |

///

///

///

i

## <u>TABLE OF CONTENTS</u>

I.    Introduction ............................................................................................................ 1

II.   Future Motion Fails to Make a Prima Facie Showing of Specific Jurisdiction. ................. 1

      A.    JW Batteries' Sales Do Not Show "Express Aiming" at California. ..................... 1

      B.    Neither JW Batteries' Website Nor Its Products Are "Expressly Aimed" at
            California. ............................................................................................... 2

      C.    Recommending a Nationwide Network of Repair Shops Does Not Make
            California a "Focal Point." ......................................................................... 4

III.  Future Motion's Request for Jurisdictional Discovery Should Be Denied. ..................... 5

IV.   Leave to Amend Would Be Futile In This Case. ................................................... 6

V.    Conclusion .......................................................................................................... 7

DEFENDANT JW BATTERIES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER
RULE 12(b)(2) AND (b)(3)

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*AMA Multimedia, LLC v. Wanat,*
   970 F.3d 1201 (9th Cir. 2020)...............................................................................................2

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
   874 F.3d 1064 (9th Cir. 2017)...............................................................................................3

*DFSB Kollective Co. v. Bourne,*
   897 F. Supp. 2d 871 (N.D. Cal. 2012) ...........................................................................3, 4, 5

*Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC,*
   458 F. Supp. 3d 1202 (N.D. Cal. 2020) ..........................................................................3, 4, 5

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC,*
   No. CV 16-9325-RSWL-KSX, 2017 WL 1535084 (C.D. Cal. Apr. 27, 2017).......................2

*Mavrix Photo v. Brand Technologies Inc.,*
   647 F.3d 1218 (9th Cir. 2011)...........................................................................................3, 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT JW BATTERIES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

1

## I.   Introduction

Future Motion acknowledges the Court does not have general jurisdiction over JW Batteries. Resp.1 at 8. Future Motion instead argues that the Court can exercise specific jurisdiction in this case. But, Future Motion fails to identify any conduct by JW Batteries directed at California that is sufficient to support specific jurisdiction over a small Texas company that operates a generally-accessible website. This case should be dismissed for lack of personal jurisdiction and, because the parties agree venue turns on the same considerations, lack of venue.

## II.   Future Motion Fails to Make a Prima Facie Showing of Specific Jurisdiction.

Future Motion's Response does not dispute that "[s]elling products on the internet on a national scale is insufficient to establish personal jurisdiction in any one state without additional evidence of conduct focused on that state." *See* Motion[2] at 10-11 (quoting *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 220CV11738SVWJEM, 2021 WL 3598859, at *2 (C.D. Cal. Apr. 22, 2021) and collecting cases from the 9th Circuit). Future Motion has failed to show conduct by JW Batteries focused on California that would establish personal jurisdiction here.

Future Motion argues that JW Batteries has "expressly aimed" its products at California in satisfaction of the second prong of the "purposeful direction" test because California is allegedly a "focal point" of JW Batteries' actions. *See* Resp. at 9. In support of this assertion, Future Motion points to (1) JW Batteries' sales numbers (Resp. at 9-10); (2) the purported appeal of JW Batteries' website to Californians (Resp. at 9-10); and (3) JW Batteries' recommendation of the Stoke Life Services network of repair shops (Resp. at 10). None of these, separately or together, are sufficient to demonstrate "express aiming" at California by JW Batteries.

### A.  JW Batteries' Sales Do Not Show "Express Aiming" at California.

As an initial matter, Future Motion focuses on the wrong sales numbers. As explained in its Motion, JW Batteries makes less than 19% of total sales to California, but the JWFFM chips and stickers giving rise to Future Motion's claims[3] that were shipped to California account for little

---

[1] "Resp." refers to Plaintiff's Opposition to Defendant's Motion to Dismiss filed at Dkt. 18.
[2] "Motion" refers to Defendant's Motion to Dismiss filed at Dkt. 16.
[3] Although Future Motion references the "JWFFM Chip and related batteries" (Resp. at 9) and asserts that its claims "arise out of Defendant's sales of JWFFM Chips, *high-capacity*

1

more than 3% of JW Batteries' revenue and 8 total stickers, respectively. Motion at 3 & 11. Although "[p]ercentages of sales in a given state, while not dispositive, may inform the *general jurisdiction* inquiry," courts analyzing specific jurisdiction have given no weight to products that do not give rise to the lawsuit. *See L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX, 2017 WL 1535084, at *6 & *8 (C.D. Cal. Apr. 27, 2017) (emphasis added) (noting that "the Court cannot say that through a passing reference to California, on a jewelry piece not even giving rise to the lawsuit, Defendants 'expressly aimed' their intentionally infringing acts at California.").

Regardless of whether the Court considers the less than 19% of total sales or 3% of sales that give rise to the lawsuit, neither indicates that JW Batteries has "expressly aimed" its products at California. As cited in JW Batteries' Motion and unaddressed by Future Motion, the Ninth Circuit held in 2020 that a foreign adult film website operator had not expressly aimed content at the U.S. market even though 20% of the website's users were in the U.S. Motion at 10 (citing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020)).[4] Moreover, Future Motion's observation that JW Batteries' total sales are "more than ten times Defendant's average sales rate to 45 U.S. states and 11 other jurisdictions" is meaningless. That JW Batteries sold one unit to Saskatchewan yet has more sales to the most populous state in the U.S. says nothing about whether JW Batteries has done anything to "expressly aim" its products at California. JW Batteries' sales numbers do not support finding it purposefully directed its activities at California.

### B. Neither JW Batteries' Website Nor Its Products Are "Expressly Aimed" at California.

Future Motion argues that JW Batteries has "expressly aimed" its website at California because it "appeals to, and profits from, an audience" in California. Resp. at 9 (quoting *Mavrix Photo v. Brand Technologies Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)). Aside from referencing

---

*batteries*, and trademark infringing stickers" (Resp. at 13) (emphasis added), Future Motion has no claim against JW Batteries for its sale of batteries. *See* Complaint *generally* & Prayer for Relief (seeking injunction against JWFFM Chip and JWXR stickers but not batteries).

[4] JW Batteries' Motion incorrectly stated that it was "quoting" the 9th Circuit's *AMA* case when it should have indicated it was quoting the C.D. Cal. decision that was "citing" *AMA*.

2

JW Batteries' sales numbers, Future Motion relies on its own location, its own "significant customer base" in California, and its assertion that "California is well-known as the place of origin and U.S. epicenter of skateboarding." Resp. at 9.

Future Motion's presence and customer base in California have no jurisdictional relevance here. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation,'" and that relationship "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original)). The Ninth Circuit has noted that the Supreme Court "rejected our conclusion that the defendants' 'knowledge of [the plaintiffs'] "strong forum connections,'" plus the 'foreseeable harm' the plaintiffs suffered in the forum, comprise[] sufficient minimum contacts." *Id*. at 1069–70.

Moreover, Future Motion has failed to show that JW Batteries' website and/or products specifically "appeal to, and profit[] from, an audience" in California as in the *Mavrix* case. This Court has previously found *Mavrix* and *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871 (N.D. Cal. 2012) instructive on the issue of whether a website can give rise to specific jurisdiction. *See Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1208-09 (N.D. Cal. 2020). The Court noted that in *Mavrix* the Ninth Circuit held a website did give rise to specific jurisdiction "reason[ing] that the defendant operated 'a very popular website with a *specific focus*'" on California's celebrity and entertainment industries." *Id*. at 1208 (emphasis in original) (quoting *Mavrix*, 647 F.3d at 1230). In contrast, "in *DFSB Kollective Co. v. Bourne*, the district found no personal jurisdiction" "distinguishing these websites [in which users could download copyrighted Korean music] from the website in *Mavrix*—because 'the best plaintiffs have done is claim that California is one of the largest markets for Korean music . . . .'" *Id*. at 1209 (quoting *DFSB Kollective*, 897 F.Supp.2d at 874).

In this case, Future Motion has made no showing that JW Batteries' website or its products are specifically focused on California skateboarding. Even accepting RedBull's and Wikipedia's

3

assertions about the origins and history of skateboarding in California (Resp. at 9), Future Motion has at best alleged that skateboarding is popular in California and might be one of the larger markets for electric skateboards like the Onewheel and its accessories. This is insufficient to find that JW Batteries has "expressly aimed" its website or products at California as in the *Mavrix* case.

### C. Recommending a Nationwide Network of Repair Shops Does Not Make California a "Focal Point."

Future Motion argues that JW Batteries has "expressly aimed" at California and the state is a "focal point" because JW Batteries' website recommends Stoke Life Services ("SLS") for professional installation of the JWFFM chip. Resp. at 10-11. SLS is a global Personal Electric Vehicle (PEV) repair shop network—something like an Angie's List for PEV repair shops. Martin 2nd Decl.[5] at ¶2. SLS maintains a network of repair shops across the United States and a few international locations. *Id*. at ¶3. The contact email that JW Batteries provides for SLS on its website is for a gentleman who runs a PEV repair shop in Colorado. *Id*. at ¶4. JW Batteries has not specifically referred a customer to a California SLS location. *Id*. at ¶5. Nothing about JW Batteries recommendation of using SLS indicates "express aiming" at California or that California is a "focal point" of JW Batteries.

JW Batteries is unaware of where SLS is incorporated. Martin 2nd Decl. at ¶4. But, even if Future Motion has correctly identified its operating entity as a California corporation, JW Batteries' recommendation of a national network of PEV repair shops does not show JW Batteries expressly targeting California. This Court has rejected a similar argument that "any non-resident entity that elects to distribute a digital product through Apple or Google's digital marketplace, or utilizes Facebook to advertise the product, expressly targets California . . . . because Apple, Google, and Facebook are all California-based entities." *Good Job Games*, 458 F. Supp. 3d at 1207 & 1211 (describing plaintiff's argument and ultimately concluding that "[plaintiff] has not met its burden of pleading a *prima facie* case of specific personal jurisdiction in California."); *see also DFSB Kollective*, 897 F. Supp.2d at 883 (noting "that Defendant utilized accounts on California-

---

[5] "Martin 2nd Decl." refers to the second declaration of Jim Martin, founder and co-owner of JW Batteries, attached as Exhibit 2.

headquartered Internet companies Facebook, hi5.com, DeviantArt, and 4Shared to direct traffic to his Websites" and "[w]hile the location of these companies is relevant for lawsuits directly involving the companies, the Court is unpersuaded that the headquarters of these Internet companies establishes that Defendant expressly aimed his infringing activities at the California market.").

Moreover, SLS is a network of PEV repair shops with locations throughout the U.S. JW Batteries' recommendation that customers use them to find a professional installer does not indicate targeting of California. *See* Martin 2nd Decl. at ¶5; *id*. at ¶3 & Ex. A (identifying current shops throughout the U.S. in SLS's network). Whether any of JW Batteries' customers ever have used SLS repair shops, those are not acts of JW Batteries that can support specific jurisdiction. That California law purportedly governs the terms and conditions between SLS and its customers is irrelevant to JW Batteries' contacts with California. And, it is unclear how Future Motion can plausibly allege that "at least some of the installations of Defendant's JWFFM Chips have occurred in California." Resp. at 12. JW Batteries does not know whether or not customers use an SLS shop, let alone one in California. Martin 2nd Decl. at ¶5. Future Motion has no basis to make that assertion.

\*\*\*

Future Motion has failed make out a prima facie case of specific jurisdiction in this case. JW Batteries' operation of a website selling its products on a national (and international) scale cannot support specific jurisdiction in California absent some additional conduct of JW Batteries focused on California. Future Motion's response argues that the size of JW Batteries' sales, its website's relationship to skateboarding, and its recommendation of a nationwide network of repair shops provide that additional conduct. None of these factors, alone or together, demonstrates that JW Batteries has done anything to specifically target the California market and are insufficient to find specific jurisdiction in this case.

## III.    Future Motion's Request for Jurisdictional Discovery Should Be Denied.

JW Batteries opposes Future Motion's motion for jurisdictional discovery as described in its response brief. Resp. at 12. It intends to file an opposition after review of what Future Motion

5

actually filed shortly before this brief. *See* Dkt. 24. Nevertheless, none of the purportedly unclear issues Future Motion identifies in its Response justify additional discovery. *See* Resp. at 11-12. Specifically:

- JW Batteries does not track its customers in California (or anywhere else), and JW Batteries is not aware whether any customers in California have made any repeat purchases through their website. Martin 2nd Decl. at ¶8. JW Batteries searched its records to identify customers who sent their product from California to install a JWFFM Chip or battery and found two cases. One customer sent a board for installation from California, but had it shipped back to them in another state. The other customer had JW Batteries handle installation for a board that was shipped from and to California. Martin 2nd Decl. at ¶7.

- JW Batteries has not done business directly with Future Motion. JW Batteries borrowed a Onewheel from a resident of Texas to do its R&D on the JWFFM chip. JW Batteries never purchased one from Future Motion or anyone else. Martin 2nd Decl. at ¶9.

- JW Batteries does not maintain information on "the extent to which [its] website traffic, social media followers and/or page views come from California, or the extent to which [it] interacts via social media with California residents" or "the extent to which California customers view and/or follow [its] advertising links on its social media pages." JW Batteries does not target residents of California (or any other particular place) through its website or social media accounts. Martin 2nd Decl. at ¶10.

The above information from the sworn declaration of JW Batteries' founder and co-owner should clear up the purportedly relevant issues that Future Motion identifies in its Response. None of these issues would support finding specific jurisdiction in this case or justify additional discovery from JW Batteries.

## IV. Leave to Amend Would Be Futile In This Case.

Future Motion should not be granted leave to amend its Complaint because it would be futile. None of the facts or issues identified in its Response if properly plead would change the lack

6

of personal jurisdiction over JW Batteries in this case. Future Motion's request to amend should be denied.

## V.    Conclusion

For the foregoing reasons and those in JW Batteries' opening brief, JW Batteries respectfully asks the court to dismiss the complaint filed by Plaintiff for lack of personal jurisdiction and improper venue.

7

DATED: November 15, 2021

By:/s/*David T. DeZern*
　　DAVID T. DEZERN


GRAY REED & MCGRAW LLP

　　ERIC S. TAUTFEST (*pro hac vice*)
　　DAVID T. DEZERN (*pro hac vice*)

BUCHALTER
A Professional Corporation

　　PAUL J. FRAIDENBURGH

　　Attorneys for Defendant
　　JW BATTERIES LLC

8

**DEFENDANT JW BATTERIES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on November 15, 2021.

_/s/David T. DeZern_____
David T. DeZern

9