ERIC S. TAUTFEST (Texas SBN: 24028534)
etautfest@grayreed.com
(*pro hac vice*)
DAVID T. DEZERN (Texas SBN: 24059677)
ddezern@grayreed.com
(*pro hac vice*)
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332

PAUL J. FRAIDENBURGH, ESQ. (SBN: 280354)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Email: pfraidenburgh@buchalter.com

Attorneys for Defendant
JW BATTERIES LLC

# UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JW BATTERIES LLC, a Texas Company, <br><br> Defendants. | CASE NO. 3:21-cv-06771-EMC <br><br> **DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY** <br><br> Honorable Edward M. Chen <br><br> Date: Dec. 23, 2021 <br> Time: 1:30 PM <br> Courtroom 5, 17th Floor <br><br> JURY TRIAL DEMANDED |

///

///

///

## I.  Introduction

In anticipation of a ruling on JW Batteries' Motion to Dismiss Under Rule 12(b)(2) and (b)(3), Plaintiff Future Motion requests leave to conduct jurisdictional discovery. The decision whether to grant jurisdiction discovery is typically within the discretion of the district court. *Edward Baton, et al. v. Ledger SAS, et al.*, No. 21-CV-02470-EMC, 2021 WL 5226315, at *12 (N.D. Cal. Nov. 9, 2021) (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1989)). The Court, however, need not grant jurisdictional discovery where Plaintiff's requests are "purely speculative allegations of attenuated jurisdictional contacts." *Id.* at *13 (quoting *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011); *see Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery…"). Limited discovery should not be permitted to conduct a "fishing expedition."

The issues raised in the Plaintiff's Motion for Jurisdictional Discovery were sufficiently addressed in the Defendant's Motion to Dismiss, Reply in Support of the Motion to Dismiss, and accompanying declarations. Any additional issues Future Motion may raise would be nothing more than a hunch that they might yield jurisdictionally relevant facts. *See Salvare La Vita Water, LLC v. Crazy Bottling Company, LLC*, No. 19-CV-07497-DMR, 2020 WL 4051792, at *9 (N.D. Cal. July 20, 2020), aff'd, No. 20-16513. 2021 WL 3044163 (9th Cir. July 19, 2021) ("[The Plaintiff] does not explain how further discovery into these disputes would shed light on the jurisdictional issues. Under these facts, [the plaintiff] has presented no more than a "hunch" that jurisdictional discovery would uncover jurisdictionally relevant facts."). Jurisdictional discovery is unwarranted, and Plaintiff's motion should be denied.

## II.  Discussion

### A.  In the Face of Specific Denials Made By the Defendant, the Court Need Not Permit Even Limited Discovery.

JW Batteries submitted a declaration from its founder and co-owner, Jim Martin, in support of its Motion to Dismiss. *See* Dkt. 16-1. Future Motion acknowledges that "Mr. Martin's

1

declaration was carefully drafted to give the appearance that JW Batteries has less than the required 'minimum contacts' with California," but Future Motion asserts that the declaration was purportedly "silent about crucial jurisdictional facts." Motion[1] at 7. Future Motion identified the purportedly missing facts in its response to JW Batteries' Motion to Dismiss and asserted its intention to move for jurisdictional discovery (Dkt. 18 at 12), but Future Motion waited another week to file the present motion without reviewing JW Batteries' Reply addressing each of these points. *See* Dkt. 25 at 5-6.

This Court recently held that where a defendant has already provided evidence establishing that personal jurisdiction does not exist, jurisdictional discovery is unwarranted. *Baton*, 2021 WL 5226315 at *13. In its Motion to Dismiss (Dkt. 16) and Reply (Dkt. 25), JW Batteries provided ample evidence to establish a lack of personal jurisdiction, and Future Motion cannot identify any issues for which additional discovery could plausibly change the outcome. Nevertheless, JW Batteries addresses each of Future Motion's arguments in turn.

Future Motion argues that Mr. Martin's first declaration "allows the possibility that Defendant has a contractual relationship with Stoke Life Services [("SLS")] for the *installation* of Defendant's products." Motion at 7 (emphasis in original). JW Batteries specifically denied "any financial interest in whether a customer uses an SLS shop or not for any product that they might order from [its] website." *See* Martin 2nd Decl. (Dkt. 25-1) at ¶ 5. The mere referral to a global Personal Electric Vehicle (PEV) repair shop network does not create a contractual relationship between JW Batteries and SLS. Moreover, JW Batteries' referral to SLS does not create personal jurisdiction in California, and Future Motion has not identified any factual disputes about SLS that are pertinent to the jurisdictional question *See* Dkt. 25 at 4-5 (addressing the significance of Future Motion's speculation about SLS). In the absence of even a sliver of evidence that JW Batteries receives any consideration for referrals to these professional repair shops located across the U.S., or evidence that JW Batteries exclusively refers customers to shops located in California, Future Motion has based its request on nothing more than a hunch that discovery

---

[1] "Motion" refers to Plaintiff's Motion for Jurisdictional Discovery filed at Dkt. 24.

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

1   would uncover facts relevant to the Court's personal jurisdiction analysis. And in fact, JW

2   Batteries already explicitly rejected these conjectures in its Reply. *See* Dkt. 25 at 4-5, & Martin

3   2nd Decl. (Dkt. 25-1) at ¶¶ 2-5. Any further hunches or conjecture from Future Motion cannot

4   support a demand for jurisdictional discovery.

5        Future Motion argues that JW Batteries "clearly" advertises its products through its social

6   media channels, to include its Facebook page. This Court has previously addressed the issue of

7   advertising on social media as it pertains to the "express aiming" prong of the "purposeful

8   direction" test. In *Baton*, the Plaintiff asserted that it saw advertisements in California but

9   provided no further explanation of what those advertisements consisted of, where they were

10  placed, nor any other information for the Court to reasonably infer that the advertisements

11  evinced a California-specific focus. *Baton*, 2021 WL 5226315 at *9. Future Motion's argument

12  fails to show that JW Batteries expressly aimed its advertising to California. JW Batteries' social

13  media pages include photos of the owners, their shop, projects, OneWheels and other Personal

14  Electric Vehicles (PEV), all of which were photographed in the Dallas area. *See* Dkt. 18-6, Exs. E

15  and F; *see also* JW Batteries (@jwbatteries), INSTAGRAM, https://www.instagram.com

16  /jwbatteries/ (last visited November 29, 2021); JW Batteries (@jwbatteries), FACEBOOK,

17  https://www.facebook.com/jwbatteries (last visited November 29, 2021). JW Batteries' social

18  media pages are open to the public and readily accessible. There is no need for jurisdictional

19  discovery to examine these websites, and JW Batteries has already confirmed that it does not

20  track or target California residents through these websites. *See* Martin 2nd Decl. (Dkt. 25-1) at

21  ¶ 10. Because Future Motion cannot pinpoint any advertisements specifically targeting California

22  or identify what relevant facts jurisdictional discovery would uncover, this cannot support its

23  request for additional discovery.

24       Future Motion also argues that JW Batteries' percentage of sales to California customers

25  supports its request for jurisdictional discovery. This was also addressed in JW Batteries' reply in

26  support of its motion to dismiss. *See* Dkt. 25 at 1-2. With respect to the specific jurisdiction

27  analysis, Courts have given no weight to products that do not give rise to the lawsuit. *See L.A.*

28

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

1    *Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, No. CV 16-9325-RSWL-KSX,

2    2017 WL 1535084, at \*6 & \*8 (C.D. Cal. Apr. 27, 2017). Future Motion focuses on the *total*

3    sales made to California - less than 19% - rather than focusing on the items giving rise to its

4    claims, i.e. the JWFFM chips and JWXR stickers. The JWFFM chips make up little more than

5    3% of JW Batteries' revenue, and a total of 8 JWXR stickers were shipped to California.

6          While JW Batteries' sales numbers alone fail to show that JW Batteries has "expressly

7    aimed" its products at California, this Court has made it clear that when assessing specific

8    jurisdiction, the analysis must be restricted to the defendant's own contacts with the forum.

9    *Baton*, 2021 WL 5226315 at \*6. Quoting the Supreme Court, this Court held that "purposeful

10   direction" cannot be established by the total sales in California without showing that the seller

11   made a choice to direct acts towards California. *Id*. ("The unilateral activity of another party or a

12   third person is not an appropriate consideration when determining whether a defendant has

13   sufficient contacts with a forum State to justify an assertion of jurisdiction); *id.* ("The Supreme

14   Court has explained that the contacts supporting purposeful direction must be the defendant's

15   own choice."). Future Motion's argument fails to pinpoint any choice made by JW Batteries to

16   direct sales to California and even if this Court finds these underwhelming percentages to be

17   significant, these figures alone are not an indication that JW Batteries expressly targeted

18   California.

19         Future Motion also fails to provide any authority for why it "is entitled to know whether

20   Defendant's California sales are greater than its sales to any other state." Motion at 4. Future

21   Motion identifies no authority for why that would be jurisdictionally relevant. If making more

22   sales to the most populous state in the Union from a generally-accessible website were sufficient

23   to establish personal jurisdiction, then the California courts would become the court for all

24   consumer-facing websites. *Cf. Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames*

25   *LLC*, 458 F. Supp. 3d 1202, 1211 (N.D. Cal. 2020) ("[t]he Northern District of California is not

26   an international court of internet law" (quoting *Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D.

27   Cal. 2008)).

28

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

Lastly, Future Motion argues that Mr. Martin's statement that JW Batteries does not target customers in any particular location ignores its engagement with California residents through social media and seems inconsistent with greater than average sales in California. This argument fails for the same reasons stated above. Opening discovery to inquire into JW Batteries' social media pages would uncover nothing more than what is generally open to the public. JW Batteries has never purposefully targeted California customers through advertisements that directly appeal to California residents. Instead, JW Batteries' Instagram and Facebook pages contain posts such as photos of the Dallas area, local OneWheel riders, and the owners working in their Dallas-based shop. *See* Dkt. 18-6, Exs. E and F; JW Batteries (@jwbatteries), INSTAGRAM, https://www.instagram.com/jwbatteries/ (last visited November 29, 2021); JW Batteries (@jwbatteries), FACEBOOK, https://www.facebook.com/jwbatteries (last visited November 29, 2021). Nothing on its social media outlets could be reasonably construed as an express aim at or appeal to a California audience. *See also* Dkt. 25-1 at ¶10 (Mr. Martin's 2nd Declaration stating that "JW Batteries does not target residents of California (or any other particular place) through its website or social media accounts."). Discovery would not reveal any facts relevant to the Court's personal jurisdiction analysis.

### B. The Basis of the Purported "Jurisdictional Facts" is Nothing More Than a Mere Hunch and Will Not Reveal Jurisdictionally Relevant Facts.

Future Motion raises several other "jurisdictional facts" that Jim Martin's declaration purportedly failed to address, such as: (1) the extent to which JW Batteries has received Future Motion products from California customers, modified them by installing the JWFFM chip and/or aftermarket batteries, and shipped them back to California; (2) the extent to which JW Batteries has done repeat business with California customers; (3) the extent to which JW Batteries has done business directly with Future Motion by purchasing Future Motion products and having them shipped from California to JW Batteries; and (4) the extent to which California residents click on JW Batteries' social media ads or otherwise interact with JW Batteries through its social media channels.

Although these purported jurisdictional facts have no relevance to the "express aiming"

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

prong of the "purposeful direction" test, Future Motion argues that jurisdictional discovery may be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Motion at 7 (quoting *Data Discovery, Inc. v. Systems Tech Assocs., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)). The Ninth Circuit routinely holds that when a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendant, the Court need not permit even limited discovery. *Maxim v. Guangzhou NetEase Computer Sys. Co.*, No. 2:20-CV-11331-AB-JC, 2021 WL 4839579, at *9 (C.D. Cal. Aug. 11, 2021); (*Boschetto v. Hansing*, 539 F.3d 1011, 1023 (9th Cir. 2008)); (*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006)); (*Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)); (cited in *Baton,* 2021 WL 5226315 at *12).

   Future Motion may not accept the conclusions that Mr. Martin's declaration compels, but the statements therein specifically address the "jurisdictional facts" raised by Future Motion. Mr. Martin searched JW Batteries' records and disclosed the two cases where JW Batteries received a board from California for installation. *See* Martin 2nd Decl. at ¶ 7. JW Batteries does not track its customers in California, and therefore it is unaware of any repeat customers from California. *See* Martin 2nd Decl. at ¶ 8. Furthermore, Mr. Martin specifically denied doing any business with Future Motion and disclosed the facts surrounding the R&D on the JWFFM chip. *See* Martin 2nd Decl. at ¶ 9. Lastly, as explained above, JW Batteries specifically denied targeting residents of California (or any other particular place) through its website or social media accounts, thereby eliminating the need for jurisdictional discovery to show that JW Batteries "expressly aimed" its products at California. *See* Martin 2nd Decl. at ¶ 10.

   California District Courts deny requests for jurisdictional discovery when the plaintiff cannot provide more than a hunch that it might yield jurisdictionally relevant facts. *See Salvare*, 2020 WL 4051792, at *9. Future Motion speculates about what discovery might yield to embark on a fishing expedition. Yet, the basis for these claims have little to no merit in the face of JW Batteries' denials. This Court has made it clear that when a claim to personal jurisdiction is both

attenuated and bare in the face of specific denials by the defendant, discovery is unwarranted.

## III.    Conclusion

For the foregoing reasons, JW Batteries respectfully asks the court to deny Future Motion's Motion for Jurisdictional Discovery.

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

DATED: November 29, 2021

By:/s/*David T. DeZern*
    DAVID T. DEZERN


GRAY REED & MCGRAW LLP

    ERIC S. TAUTFEST (*pro hac vice*)
    DAVID T. DEZERN (*pro hac vice*)

BUCHALTER
A Professional Corporation

    PAUL J. FRAIDENBURGH

    Attorneys for Defendant
    JW BATTERIES LLC

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on November 29, 2021.

*/s/David T. DeZern*
David T. DeZern

**DEFENDANT JW BATTERIES LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**