1

2

3

4  UNITED STATES DISTRICT COURT

5  NORTHERN DISTRICT OF CALIFORNIA

6

7  FUTURE MOTION, INC.,                    Case No. 21-cv-06771-EMC

8              Plaintiff,

9       v.                                 **ORDER GRANTING PLAINTIFF'S
                                           MOTION FOR LEAVE TO CONDUCT
10 JW BATTERIES LLC,                       DISCOVERY, AND DEFERRING
                                           RULING ON DEFENDANT'S MOTION
11             Defendant.                  TO DISMISS**

12                                         Docket Nos. 16, 24

13

14      Plaintiff Future Motion, Inc. is a company that markets and sells "the ONEWHEEL® line

15 of self-balancing electronically motorized skateboards, along with related accessories, replacement

16 parts, and merchandise."  Compl. ¶ 9.  The skateboards have processors and software incorporated

17 into them that control various functions and safety features – *e.g.*, "monitoring the status of the

18 skateboard and causing it to slow down or stop if it approaches an unsafe operating condition."

19 Compl. ¶ 11.  Future Motion has filed suit against Defendant JW Batteries LLC because the latter

20 sells a computer processor chip that is allegedly intended to circumvent the safety and

21 technological measures implemented by Future Motion for its skateboards.  *See* Compl. ¶ 20.

22 Currently pending before the Court are two motions: (1) JW's motion to dismiss for lack of

23 personal jurisdiction and/or improper venue and (2) Future Motion's motion for leave to conduct

24 jurisdictional discovery.  Having considered the parties' briefs and accompanying submissions, the

25 Court finds the matter suitable for resolution without oral argument and therefore **VACATES** the

26 hearing on the two motions.

27      The Court hereby **GRANTS** Future's motion for leave to take discovery.  *See Laub v.*

28 *United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting that "[a] district court is vested

with broad discretion to permit or deny discovery"); *see also Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-cv-06038-CRB (DMR), 2010 U.S. Dist. LEXIS 97657 (N.D. Cal. Sept. 8, 2010) (noting that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery[;] [r]ather, a plaintiff must present a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case").  In a recent decision, the Ninth Circuit noted that "[t]he question of jurisdiction in the Internet age is not well settled" and indicated that jurisdictional discovery should be permitted where the record is insufficiently developed and further discovery might demonstrate facts sufficient to constitute a basis for jurisdiction.  *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*, No. 20-16123, 2021 U.S. App. LEXIS 36507, at *2-3 (9th Cir. Dec. 10, 2021).  The Court finds jurisdictional discovery is appropriate here.

Because the Court is giving Future Motion the opportunity to take jurisdictional discovery, the Court **DEFERS** ruling on JW's motion to dismiss.  The parties shall promptly meet and confer regarding (1) a timeframe for Future Motion to take jurisdictional discovery and (2) a timeframe for the parties to file supplemental briefs regarding the issue of personal jurisdiction, once jurisdictional discovery is complete.  The parties shall file a stipulation on these matters within two weeks of the date of this order.

This order disposes of Docket No. 24.  The ruling on Docket No. 16 is deferred.

**IT IS SO ORDERED**.

Dated: December 14, 2021

_____
EDWARD M. CHEN
United States District Judge