ERIC S. TAUTFEST (Texas SBN: 24028534)
etautfest@grayreed.com
(*pro hac vice*)
DAVID T. DEZERN (Texas SBN: 24059677)
ddezern@grayreed.com
(*pro hac vice*)
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332

PAUL J. FRAIDENBURGH, ESQ. (SBN: 280354)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
Telephone: (949) 760-1121
Email: pfraidenburgh@buchalter.com

Attorneys for Defendant
JW BATTERIES LLC

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| FUTURE MOTION, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JW BATTERIES LLC, a Texas Company,<br><br>Defendants. | CASE NO. 3:21-cv-06771-EMC<br><br>**DEFENDANT JW BATTERIES LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) and (b)(3)**<br><br>Honorable Edward M. Chen<br><br>JURY TRIAL DEMANDED |

///

//////

**DEFENDANT JW BATTERIES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. Future Motion Ignores the Proper Standard for "Express Aiming" Under Supreme Court and Ninth Circuit Law. ................................................................................................ 1

III. The Court Should Ignore Future Motion's Request for Transfer Rather Than Dismissal. ............................................................................................................................... 6

IV. Conclusion ............................................................................................................................. 6

**DEFENDANT JW BATTERIES LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 .................................................................................................................. 4, 5

*Baton v. Ledger SAS*,
   No. 21-CV-02470-EMC, 2021 WL 5226315 (N.D. Cal. Nov. 9, 2021) .............................. 2, 3

*Brayton Purcell LLP v. Recordon & Recordon*,
   606 F.3d 1124 (9th Cir. 2010) ............................................................................................ 4, 5

*Caces-Tiamson v. Equifax*,
   No. 20-CV-00387-EMC, 2020 WL 1322889 (N.D. Cal. Mar. 20, 2020) ................................ 2

*Cisco Sys., Inc. v. Dexon Computer, Inc.*,
   2021 WL 2207343 (N.D. Cal. 2021) ....................................................................................... 3

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021) ............................................................................................................ 4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ................................................................................................................ 4

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ................................................................................................. 4

*Walden v. Fiore*,
   571 U.S. 277 (2014) ............................................................................................................ 4, 5

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012) ............................................................................................... 4, 5

*Wonderful Co. LLC v. Nut Cravings Inc.*,
   No. 220CV11738SVWJEM, 2021 WL 3598859 (C.D. Cal. Apr. 22, 2021) ........................... 2

## I. Introduction

JW Batteries is a five-person company in Dallas, Texas that offers its products for sale through a generally-accessible website. In an attempt to control the after-market-parts sales for its products, Future Motion sued JW Batteries in Future Motion's home jurisdiction in California. Because JW Batteries has not purposefully directed its activity at California under applicable law, JW Batteries sought dismissal for lack of personal jurisdiction. *See* Dkt. 16 at 2-3, 11 & Dkt. 25 *generally* and at 6 (outlining JW Batteries' *lack* of contact with California). This Court ordered jurisdictional discovery following recent Ninth Circuit case law so that Future Motion might demonstrate facts sufficient to constitute a basis for jurisdiction. Dkt. 30 at 2. JW Batteries provided Future Motion with thousands of pages of documents, interrogatory responses, a deposition witness, and an opportunity to file a supplemental brief to articulate a basis for specific personal jurisdiction.

In its supplemental brief, Future Motion advances an "individualized targeting" theory to satisfy the "express aiming" prong of the personal jurisdiction analysis based on its own presence in California and JW Batteries' purported targeting of Future Motion. *See, e.g.*, Dkt. 36 at 7 (" . . . Defendant has knowingly targeted Future Motion's business and reputation, causing harm to Future Motion in California, where Future Motion is based."). Even if the Court were to accept Future Motion's arguments that JW Batteries has targeted it in this way, this is not a sufficient basis to support the exercise of specific jurisdiction under applicable law as outlined in JW Batteries' prior briefing and further below. Having been given an opportunity to take jurisdictional discovery and failing to articulate an appropriate basis for personal jurisdiction here, this case should be dismissed.

## II. Future Motion Ignores the Proper Standard for "Express Aiming" Under Supreme Court and Ninth Circuit Law.

The parties dispute whether JW Batteries meets the "express aiming" prong of the "purposeful direction" test for personal jurisdiction. *See* Dkt. 16 at 9-11; Dkt. 25 at 1-5; Dkt. 36 at 5. JW Batteries contends, and Future Motion has not disputed that, "[s]elling products on the internet on a national scale is insufficient to establish personal jurisdiction in any one state

without additional evidence of conduct focused on that state." *See* Dkt. 16 at 10-11 (quoting *Wonderful Co. LLC v. Nut Cravings Inc.*, No. 220CV11738SVWJEM, 2021 WL 3598859, at *2 (C.D. Cal. Apr. 22, 2021) and collecting cases from the 9th Circuit).[1] Future Motion acknowledges in its supplemental brief that to meet the "express aiming" standard it must establish "something more." *See* Dkt. 36 at 5, 6, 7, 9, 10.

Everything that Future Motion contends constitutes "something more" relies on its contention that JW Batteries is "targeting" Future Motion, which is based in California, and/or its customers, who are located across the nation and around the world. *See, e.g.,* Dkt. 36 at 6. Future Motion first points to its interpretation of the name of the "JWFFM" chip and its use in Onewheel boards. Dkt. 36 at 7-9. Although Future Motion's counsel appears to go out of his way to type an expletive with an asterisk as many times as possible, JW Batteries has not used that language on its website and Future Motion cites no evidence for that interpretation of "FFM" in "JWFFM." In light of Future Motion's reputation and the way it treats its customers, it seems likely that some of them may interpret "FFM" the way Future Motion contends. Indeed, if one were so bold as to type that into their web browser, it appears those letters have been used that way by others, but JW Batteries has not put that phrase on its website or marketed its chips with the expletive Future Motion includes 11 times in its brief. Nevertheless, Future Motion contends that this constitutes "intentional targeting of California-based Future Motion and its customers" and is the "something more" it needs to establish personal jurisdiction. Dkt. 36 at 9. The Ninth Circuit has, however, explicitly held that "individualized targeting" is insufficient to confer personal jurisdiction as discussed below.

Future Motion's second argument for "something more" is also premised on demonstrating "that Defendant's activities have targeted Future Motion." Dkt. 36 at 9. Future

---

[1] Subsequent to JW Batteries' prior briefing, this Court has likewise recognized that "a finding [of] purposeful direction cannot 'be based on the mere fact that [a company] provides services to customers nationwide, including but not limited to California.' 'The placement of a product into the stream of commerce, without more, is not an act the defendant purposefully directed toward the forum state.'" *Baton v. Ledger SAS*, No. 21-CV-02470-EMC, 2021 WL 5226315, at *6 (N.D. Cal. Nov. 9, 2021) (quoting *Caces-Tiamson v. Equifax*, No. 20-CV-00387-EMC, 2020 WL 1322889, at *3 (N.D. Cal. Mar. 20, 2020)) (citations omitted).

Motion points to JW Batteries' JWXR sticker as allegedly infringing its unregistered XR mark. Future Motion abandoned any attempt to register this mark after the Patent Office twice told it that "XR," as a common abbreviation for "extended range," "would not be perceived as a mark that identifies the source of applicant's goods."[2] Future Motion did not dispute this. Nevertheless, Future Motion contends that the alleged trademark infringement "clearly targets Future Motion." Dkt. 36 at 9. But, as discussed below, "individualized targeting" is insufficient to confer personal jurisdiction following the controlling Ninth Circuit and Supreme Court precedent.

Future Motion's third argument is that "around 98% of Defendant's business constitutes selling products that have no purpose other than to be installed in Future Motion's Onewheel boards" and "[a]ll such sales target Future Motion and its customer base." Dkt. 36 at 10. To make this claim, Future Motion improperly includes products beyond the chips and stickers at issue in the claims it has plead. JW Batteries contends that other products that do not give rise to Future Motion's claims should be given no weight in the specific jurisdiction analysis. *See* Dkt. 25 at 1-2 & n.3. But, for present purposes, Future Motion's position is that these sales support personal jurisdiction because they "are targeted at California-based Future Motion and its customers." Dkt. 36 at 10. Future Motion does not even advance an argument in its supplemental brief that JW Batteries' sales to California constitute sufficient contacts with California to confer personal jurisdiction. JW Batteries previously addressed why such sale do *not* show "express aiming" at California. *See* Dkt. 25 at 1-2.

Finally, Future Motion points to JW Batteries' communications with its prospective and actual customers as "something more" because "*[a]ll* of Defendant's prospective customers are existing Future Motion customers." Dkt. 36 at 11 (emphasis in original); *see also id*. at 12 ("All of these are not only communications with Defendant's customers, but also necessarily with Future Motion's customers."); *id*. at 13 (". . . all therefore represent communications between Defendant and preexisting Future Motion customers."). It is important to note that all of the communications Future Motion included in its Exhibit E (Dkt. 36-6) were communications

---

[2] *See* Ex. 3 at 10 & 14 (excerpts from Future Motion's trademark filing prosecution history).

3

**DEFENDANT JW BATTERIES LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) AND (b)(3)**

initiated by the customer or prospective customer through JW Batteries' generally-accessible website. Anyone can contact JW Batteries through that website by supplying at least an email address, and these reflect JW Batteries responses to them. They do not reflect any contact initiated by JW Batteries with California or anywhere else. *See Baton*, 2021 WL 5226315 at *6 (stating that "the Supreme Court has explained that the contacts supporting purposeful direction 'must be the defendant's own choice.'") (citing *Cisco Sys., Inc. v. Dexon Computer, Inc.*, 2021 WL 2207343, at *3 (N.D. Cal. 2021) (*quoting Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 ("the relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the "defendant himself" creates with the forum State.'" "It follows that 'a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Axiom Foods*, 874 F.3d at 1068. And among the 4,673 pages of such communications, Future Motion's counsel contends that at most 550 pages (i.e., less than 12%) are with people he contends are or are likely to be located in California. *See* Dkt. 36-1, Kolitch Decl. at ¶6.

Moreover, as Future Motion notes, at least one of these communication indicates JW Batteries' refusal to have contacts with California. *See* Dkt. 36 at 11 (citing Ex. E (Dkt. 36-6) at 136 of PDF). In any event, Future Motion's contention is that these communications support its personal jurisdiction argument because they demonstrate that JW Batteries' activities "necessarily target California-based Future Motion and its customers." Dkt. 36 at 14.

Each of Future Motion's arguments in its supplemental brief, individually and collectively, constitute the sort of "individualized targeting" argument that has been specifically repudiated by the Supreme Court and the Ninth Circuit. As JW Batteries explained in its opening brief, the Ninth Circuit refined the "express aiming" requirement following the Supreme Court's 2014 *Walden v. Fiore* decision. *See Axiom Foods,* 874 F.3d at 1069 (discussing *Walden v. Fiore*, 571 U.S. 277, 288 (2014)). In applying the "express aiming" requirement, the Ninth Circuit

"look[s] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citing *Walden*, 571 U.S. at 288). "Thus, a 'mere injury to a forum resident is not a sufficient connection to the forum." *Id.* (citing *Walden*, 571 U.S. at 290); *see also* Dkt. 16 at 9 (reciting the same).

Future Motion ignores this precedent in its supplemental brief. A more careful review of these cases, however, demonstrates that Future Motion's arguments in its supplemental brief must fail and cannot support personal jurisdiction in this case. In *Axiom Foods*, the Ninth Circuit explained that it had previously "held that 'individualized targeting' satisfies the express aiming requirement. *Axiom Foods*, 874 F.3d at 1069 (citing *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678-79 (9th Cir. 2012); *and Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1130 (9th Cir. 2010)). "A theory of individualized targeting alleges that a defendant 'engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Id*. In *Axiom Foods*, the appellant advanced such an argument just as Future Motion has here. The Ninth Circuit explained that "*Walden* requires more." *Id*. Specifically, the Ninth Circuit stated:

> In *Walden*, the Supreme Court rejected our conclusion that the defendants' "knowledge of [the plaintiffs'] 'strong forum connections,' " plus the "foreseeable harm" the plaintiffs suffered in the forum, comprised sufficient minimum contacts. The Court found that our approach "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." The Court made clear that we must look to the defendant's "own contacts" with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.

*Id*. at 1069–70 (quoting *Walden*) (citations omitted). Accordingly, "mere satisfaction of the test outlined in *Washington Shoe*, without more, is insufficient to comply with due process." *Id*. at 1070. The same applies to the "individualized targeting" analysis applied in *Brayton Purcell* which Future Motion relies on at page 8 of its brief. *See* Dkt. 36 at 8. After *Walden* in 2014, "while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction . . . ." *Id*. All of Future Motion's arguments in its brief which focus on the alleged harm to it and its contacts with California are thus insufficient to give this Court personal jurisdiction over JW Batteries for

merely selling products nationally (and internationally) on the internet without purposefully directing any conduct at California.

Because Future Motion has failed to meet its burden to demonstrate that jurisdiction is appropriate, the Court should dismiss this case for lack of personal jurisdiction and, because the parties agree venue turns on the same considerations, lack of venue (*see* Dkt. 16 at 11-12).

### III. The Court Should Ignore Future Motion's Request for Transfer Rather Than Dismissal.

At the end of its Supplemental Brief, Future Motion expends one sentence to ask that this case be transferred to the Northern District of Texas rather than be dismissed. Future Motion cites no authority or reason why the Court should undertake the obligation to place this case where it might have been properly been brought in the first place by Future Motion.

### IV. Conclusion

For the foregoing reasons and those in JW Batteries' prior briefs, JW Batteries respectfully asks the court to dismiss the complaint filed by Plaintiff for lack of personal jurisdiction and improper venue.

DATED: February 28, 2022

By: /s/*David T. DeZern*
　　DAVID T. DEZERN

GRAY REED & MCGRAW LLP

　ERIC S. TAUTFEST (*pro hac vice*)
　DAVID T. DEZERN (*pro hac vice*)

BUCHALTER
A Professional Corporation

　PAUL J. FRAIDENBURGH

　Attorneys for Defendant
　JW BATTERIES LLC

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on February 28, 2022.

/s/David T. DeZern
David T. DeZern